JOHN BAINES

v.

THERESA KELLY:

| 73   | 181 |
|------|-----|
| 110a | 356 |

1.  APPEAL—*from justice of peace.*  The circuit court has no power to require an additional appeal bond, or to dismiss an appeal, before the term to which the appeal is taken.

2.  SAME—*can not be dismissed out of term.*  Where a term of the circuit court commences on the 18th day of the month, and an appeal is taken from the judgment of a justice of the peace on the 19th of the same month, the circuit court has no power, at that term, to dismiss the appeal.

3.  Nor will the filing of a counter affidavit, charging perjury in the surety's affidavit of solvency on the giving of a new appeal bond, confer jurisdiction upon the circuit court, where the court did not otherwise have jurisdiction.

APPEAL from the Circuit Court of Cook county; the Hon. LAMBERT TREE, Judge, presiding.

Mr. CHARLES J. BEATTIE, for the appellant.

Mr. ALLAN C. STORY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

We do not perceive that this case differs, in principle, from that of *Ryder* v. *Meyer*, 66 Ill. 40.  There, the appeal was taken on the 3d of April to the April term of the circuit court, which began on the 15th of April.  The transcript from the justice was filed on the 10th of April, and on that day the court made an order for an additional bond to be filed in three days.  On the 20th the appeal was dismissed because the order was not obeyed.  It was held, the statute authorizing the circuit court to require a new bond, only provides for the exercise of that power at the next term after the appeal, and that the court therefore erred in making the order on the 10th of April. Here, the appeal was taken on the 19th of May, 1874.  The May term of the circuit court commenced the day preceding— the 18th—and the next term commenced on the 15th of June.

All the orders made in the case, including the dismissal of the appeal, were made before the commencement of the term to which the case was appealed.

It is claimed, however, that perjury was committed by the surety on the appeal bond, in making his affidavit of solvency, and that, in such cases, the court has inherent power to protect the rights of the parties by a summary dismissal of the appeal.

Of the power of the court to punish, as for contempt, those who abuse its process, there can be no more question than there is that, if the surety committed perjury, the criminal code provides for an adequate punishment, which may be inflicted upon him; but we are not aware that the mere charge of perjury against a surety on an appeal bond, has, anywhere, been held sufficient to give jurisdiction, where the court did not otherwise have it. If we shall hold that, to charge, by counter affidavit, perjury in the surety's affidavit of solvency, will confer jurisdiction to hear the question of the sufficiency of the appeal bond, it must be evident a great innovation will have been made on our previous practice. Hitherto it has always been held that jurisdiction in the case of an appeal could only be acquired when the case was brought before the court, pursuant to the provisions of the statute relating to appeals, and that no order in the case could be made until the court acquired jurisdiction of it. We do not perceive any sufficient reason why that practice should now be departed from. It would seem that a court of equity would have afforded appellee ample protection against waste or serious loss on her property, if the appeal was, in fact, fraudulent, until the question of the sufficiency of the appeal bond could have been properly heard. But, at all events, the legislature has prescribed, in the act allowing appeals in such cases, what was deemed a sufficient protection to the appellee, and we are aware of no power in the court to supply, by summary action, what may have been omitted in this respect.

The 64th section of the Practice Act of 1872, (2 Gross, 290,) has no application to the present case. It relates only to "executions, replevin bonds, or other instruments" that may be

quashed on motion, and confers no power to dismiss an appeal out of term.

The judgment dismissing the appeal is reversed and the cause remanded.

*Judgment reversed.*