[No. 13030.  Department One. — June 8, 1891.]

## A. J. HAUBERT, RESPONDENT, v. CONRAD MAUSS-HARDT, APPELLANT.

<div style="float:right">89 433<br>112 386</div>

SALE — PRICE — CONTRACT SIGNED IN DUPLICATE — MISTAKE IN VENDEE'S COPY — ASSIGNMENT BY VENDEE — LIABILITY OF VENDEE FOR LOSS. — Where a vendor sells a quantity of wine at a stipulated price per gallon, and the vendee causes a contract to be written, which is executed in duplicate, the vendor signing both copies upon the assurance of the vendee that the two were exactly alike, but by mistake a less price was inserted in one of the copies, which was taken by the vendee and afterwards assigned by him to a third party, the vendee is liable to the vendor for the loss resulting from the mistake, and the fact that the vendor signed both copies of the contract does not make him responsible therefor.

ID. — VENDOR'S KNOWLEDGE OF ASSIGNMENT — PART PAYMENT BY ASSIGNEE — NOVATION — RELEASE OF VENDEE. — The fact that the vendor knew of the assignment of the contract, and afterwards shipped the wine to the assignee, from whom he received part payment, does not show a novation, in the absence of evidence tending to show that he released the vendee from his obligation, or accepted his assignee in his place.

ID. — PROOF OF NOVATION — PRESUMPTION. — A contract of novation must be proven as other contracts are, and will not be presumed where the acts tending to show the novation are consistent with the fact that the original party to the contract is being held thereto, and it appears that such a course would be more advantageous to the party claiming as against the novation.

ID. — VALIDITY OF NOVATION — CONTRACT — MUTUAL MISTAKE. — A contract of novation made under a mutual mistake is invalid.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Taylor & Craig*, for Appellant.

Haubert was responsible for the mistake, because he signed the copy, which was delivered to Schmidt; and wheι.er Schmidt was or was not aware of the true price of the wine, and was or was not answerable to Haubert for the difference, the latter should not recover that dif-

LXXXIX. CAL.—28

ference from Mausshardt, because Haubert's own act caused the loss. Whenever one of two innocent persons must suffer loss on account of the acts of a third, he who has enabled the third person to occasion the loss must be the person to suffer. (Civ. Code, sec. 3543; *Jordan* v. *McNeil*, 25 Kan. 465; 2 Herman on Estoppel, secs. 766, 767, and cases there cited.)

*W. C. Burnett*, and *C. Bartlett*, for Respondent.

There was no consent by respondent to remove from appellant the burden of paying for the wine; and as there was no such consent, appellant must pay as he agreed to do. (Civ. Code, sec. 1457; *La Rue* v. *Groezinger*, 84 Cal. 289; 18 Am. St. Rep. 179.) A right arising out of an obligation is the property of the person to whom it is due, and may be transferred as such by the person to whom it is due, not by the person owing the duty or obligation. (Civ. Code, sec. 1458; *La Rue* v. *Groezinger*, 84 Cal. 283; 18 Am. St. Rep. 179.) There was no new obligation; there was no agreement on the part of respondent that Schmidt be substituted for Mausshardt as his debtor, as required by section 1531 of the Civil Code to effect a novation. (*In re Sullenberger*, 72 Cal. 549; *Farmers' Nat. Gold Bank* v. *Stover*, 60 Cal. 387–395.) A mere knowledge of an assignment, or of a contract for the payment, or the receipt of payment by or to a person not an immediate party to the assignment or contract will not bind the latter person, without his consent or promise to be so bound. (*Canney* v. *S. P. C. R. R. Co.*, 63 Cal. 501, 502.)

TEMPLE, C. — Defendant's appeal from the judgment and an order refusing him a new trial.

On the 26th of February, 1886, plaintiff sold to defendant the wine in his cellar in Sonoma Valley, for twenty-eight and one half cents per gallon. After the parties had come to an agreement, defendant caused the .

contract to be written out by a friend, who prepared two copies, supposed to be duplicates.   By mistake, however, in one copy the price was put at twenty and one half cents per gallon.   Defendant took them to plaintiff, who read one of the contracts, which chanced to be the correct one, and finding it satisfactory, both parties executed the two supposed duplicates, defendant assuring plaintiff that they were exactly alike.   The incorrect copy was not read by either.   It does not appear that plaintiff had anything to do with the preparation of the writing, or whether he even desired or expected a writing to be prepared; nor that he knew that defendant had not read and compared the two.

One copy, which also happened to be the correct one, was left with plaintiff; the other defendant took, and immediately assigned to one Schmidt, who agreed to receive and pay for the wine and give defendant one half the profits on the transaction.   The defendant was not employed by Schmidt to make the purchase, but he knew Schmidt desired the wine, and purchased with the expectation of making a transfer to him.

Plaintiff knew that Mausshardt was purchasing with the expectation of transferring the contract to some one, though no name was mentioned by Mausshardt as a principal.   It was, in fact, somewhat in the nature of those contracts which are sometimes called options, only Mausshardt, though not expecting to complete the purchase himself, bound himself by an absolute contract.   He expected to make something by selling the contract, and plaintiff must have known this, for there was something said about a commission, and plaintiff actually gave him twenty dollars as compensation.

The contract assigned to Schmidt was the one in which the price of the wine was stated at twenty and one half cents, and Schmidt denies knowing that the real price agreed upon was twenty-eight and one half cents.   The

wine was all delivered to Schmidt in pursuance of defendant's express orders, and Schmidt paid plaintiff twenty and one half cents per gallon, and refused to pay more, on the ground that he had purchased at that price. The error was then discovered for the first time, and it seems plaintiff did not know until then that the contract had been assigned to Schmidt; although defendant claims that he did know of the assignment before he delivered any wine.

There are really but two points made on this appeal, although they are stated in different forms.

1. The evidence shows a novation; plaintiff accepted Schmidt as principal, instead of defendant.

There is no evidence which tends even slightly to show that plaintiff ever released defendant from his obligation or accepted Schmidt in his place. If he knew of the assignment, and afterwards shipped the wine to the assignee, and received part payment from him, it would not show a novation. These acts are all consistent with his continuing to hold defendant, and as that course would be more advantageous to plaintiff, it is to be presumed he did so. At any rate, the contract of novation must be proven as other contracts are.

2. Because Haubert signed the copy which was delivered to Schmidt, he should suffer the loss resulting from the mistake.

The evidence shows that plaintiff signed the copy on the assurance of Mausshardt that the two were exactly alike. Had this been true, there would have been no trouble. Plaintiff did not know, so far as appears, that defendant had not read and compared the two. He had a right to presume he had, and cannot be held responsible by defendant for reposing too much confidence in his assurances.

There can be no doubt as to the responsibility of Mausshardt. Had there been a formal novation, under

the circumstances, the contract of novation would have been invalid, as one made under a mutual mistake.

We advise that the judgment be affirmed.

FITZGERALD, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.