## MARTIN *v*. CURTIS.

1. NOVATION—WHAT CONSTITUTES.
   By an agreement to which plaintiff, defendant, and one H. were parties, plaintiff promised to pay defendant a debt owing to him by H., in consideration of H.'s release of a claim against plaintiff. *Held*, to constitute a novation.

2. SAME—STATUTE OF FRAUDS.
   A promise to pay the debt of another, in consideration of the debtor's releasing a claim against the promisor, is not within the statute of frauds.

3. TRIAL—INSTRUCTIONS—RECORD ON APPEAL.
   Error was assigned upon an instruction that, if the jury should believe the evidence "tending to show that plaintiff did not keep correct books of account," they would be at liberty to disregard his claim as based thereon; appellant urging that the court had no right to state what the evidence tended to show. The record on appeal contained none of the testimony. *Held*, that the instruction, being conditioned on the belief of the jury in the truth of the evidence, should not, under the circumstances, be held erroneous.

Error to Grand Traverse; Corbett, J.   Submitted October 5, 1898.   Decided January 3, 1899.

*Assumpsit* by Clarence I. Martin against Ashley B. Curtis for goods sold and delivered.   From a judgment for defendant, plaintiff brings error.   Affirmed.

*Charles G. Turner*, for appellant.

*Patchin & Crotser*, for appellee.

HOOKER, J.   The appellant brought *assumpsit*, and the brief of his counsel states that the case depended upon an item of offset, amounting to $116, which was credited to the defendant by the jury. . It arose as follows: The plaintiff was the assignee of the account against the

defendant, from plaintiff's father. The charge, which is the only means we have of determining the facts, as no evidence is printed in the record, shows that Martin, Sr., owned a sawmill, which one Hudson operated on his own account, and that Hudson's men boarded at the defendant's hotel, upon his credit, whereby Hudson became indebted to the defendant for their board. There was evidence tending to show that Martin, Sr., owed Hudson, and that, by an agreement to which Martin, Sr., Hudson, and the defendant were parties, Martin, Sr., promised to pay the board bill, in consideration of Hudson's release of his claim against Martin, Sr. Counsel for the plaintiff claims that this promise was void, under the statute of frauds. The learned circuit judge properly left the question of fact to the jury, and correctly stated that the foregoing facts, if true, constituted a novation, and the statute of frauds had no application. *Mulcrone* v. *Lumber Co.,* 55 Mich. 622, is conclusive of the question.

Another assignment of error is based upon the following instruction:

"Evidence has been introduced tending to show that plaintiff does not keep correct books of account. If you believe this to be true, you are at liberty to disregard his claim as based upon his books of account, if you see fit."

It is urged that it was error for the court to state to the jury what certain evidence tended to show. The court's statement was conditioned upon the belief of the jury in the truth of such evidence, and as he did not assume to decide that question, and we have no means of knowing what the testimony was, we cannot say that he erred

The judgment is affirmed.

The other Justices concurred.