## William E. Brown v. Milo H. Wagar.

1. APPEALS—*In Forcible Entry and Detainer—Power of Court to Require a New Bond.*—By virtue of chapter 57, section 19, the court in which an appeal in a forcible entry and detainer case is pending may require a new bond in a larger amount, if necessary, to secure the rights of the parties.

2. SAME—*By Taking Appeal from Justice of the Peace to the Circuit Court, Appellant Gives Jurisdiction to the Court.*—By taking an appeal from a justice of the peace to the Circuit Court the appellant gives such court jurisdiction of his person and the subject-matter of the suit.

Brown v. Wagar.

Forcible Entry and Detainer.—Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed November 12, 1903. Rehearing denied November 23, 1903.

WILLIAM EUGENE BROWN, attorney for appellant.

S. C. KNIGHT and O. P. GOODE, attorney for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee brought suit in forcible entry and detainer against appellant before a justice of the peace for certain premises in Chicago, and recovered judgment for restitution of the same. Appellant appealed before the justice to the Superior Court on May 3, 1902. The transcript and papers before the justice were filed on May 24, 1902, in the Superior Court, and on the following May 28th that court entered an order requiring the defendant, the appellant, to have the surety on the appeal bond justify in open court or file a new bond. Appellant failed to comply with this order, and on the following June 5th, the court, by reason thereof, dismissed his appeal, from which last order the appeal to this court was taken.

The only contention made by appellant is that the Superior Court erred in dismissing the appeal, for the reason that it had no jurisdiction, the transcript and papers from the justice court being filed May 24, 1902, which was less than ten days before the June term, 1902, of the Superior Court, which began June 2d. We are of opinion that this claim is not tenable, for the reason that by the filing of the transcript and papers in the Superior Court, the appeal having been taken before the justice of the peace, that court acquired jurisdiction of the person of appellant and the subject-matter of the suit. Swingley v. Haynes, 22 Ill. 216; Rider v. Bagley, 47 Ill. 365.

In the latter case it was held that although the cause did not stand for trial at the first term of court after the appeal a sufficient time, ten days not having elapsed, the court had power, notwithstanding, to require a sufficient bond to indemnify the plaintiff for the rent of premises sought to

be recovered in an action of forcible entry and detainer. The bond in that case was insufficient, because not properly conditioned, and the court say :

"The design of the statute would be frustrated, if a defendant should file, and the justice or clerk should approve, a bond without such a clause, unless the court had power at the next term of the court to rule appellant to execute such a bond as the statute requires, without reference to whether the case stood for trial at that term."

All the cases cited and relied upon by appellant, except Ryder v. Meyer, 66 Ill. 40, are cases in which the court considered the jurisdiction of the court to try the case or dismiss the appeal for want of prosecution, and in our opinion have no application.

In the Ryder case, which is re-affirmed in Baines v. Kelly, 73 Ill. 181, the question was as to the power of. the court to require a new bond before the term to which the appeal was taken, and it was held the court could not, because of the statute then in force, only giving the power at the next term after the appeal, or some subsequent term, to require a new bond. The case here is different and the statute different. The forcible entry and detainer act (Hurd's Stat., Ch. 57, Sec. 19) provides that "the court in which the appeal may be pending may require a new bond in a larger amount, if necessary to secure the rights of the parties." The court having jurisdiction, as we have seen, and the power under this statute to require a new bond, certainly it had the power to dismiss the appeal, as it did in this case, for failure to have the surety justify or file a new bond.

The order dismissing the appeal is therefore affirmed.