MICHIGAN STOVE Co., Appellant, v. A. H. WALKER & Co., L. C. KURTZ, Trustee in Bankruptcy.

**Sales:** CONDITIONAL CONTRACT: RESCISSION BY SUBSEQUENT AGREEMENT.
1  A conditional contract for the sale of goods may be rescinded prior to performance.  And where, as in this case, the parties subsequently agreed that plaintiff should deliver the goods to another, from whom defendant should receive them and to whom

it should make payment, there was a rescission of the original contract, relieving defendant from liability thereunder.

**Same:** NOVATION. A release of the original debtor by a novation of the contract may be established by implication. In this action plaintiff made conditional contracts with a large number of dealers for the sale of certain goods. Prior to performance the parties mutually agreed that the entire stock should be delivered to a third party for distribution, to whom payment should be made, and after delivery the seller notified the buyers to pay such third party for the goods. *Held,* that any indebtedness which might have accrued to the seller under the original contract was released, and that there was a complete novation.

*Appeal from Polk District Court.*—HON. W. H. McHENRY, Judge.

THURSDAY, MARCH 9, 1911.

ACTION to recover from the defendant the sum of $124.20 for goods sold and delivered by plaintiff to defendant. Kurtz, as trustee in bankruptcy of the Cochrane Plumbing & Heating Company, by a petition of intervention asked judgment against Walker & Co. for the purchase price of the same goods, less any amount of indebtedness existing from Walker & Co. to the Cochrane Plumbing & Heating Company. The case was tried on a stipulation of facts, and judgment was rendered in favor of Kurtz as trustee against Walker & Co. for $58.38, and plaintiff's petition was dismissed and the costs taxed to it. Plaintiff appeals.—*Affirmed.*

*Guy R. Carson* and *Oscar Strauss,* for appellant.

*S. B. Allen* and *Bannister & Cox,* for appellee.

McCLAIN, J.—In February, 1909, plaintiff's salesman visited various plumbers and dealers in hardware in Des Moines and took orders for specified quantities of Garland

water heaters. The order taken .from the defendant was in the usual form, but there was attached to it a memorandum in these words: . "These goods shipped at this price only upon condition that number sufficient ·to obtain quantity discount is purchased by plumbers of city." Similar orders were taken from other dealers. Subsequently the salesman of plaintiff agreed with each of the buyers who had given these orders that all the heaters should be shipped to the Cochrane Plumbing & Heating Company and charged to it, and that each buyer should pay the Cochrane Company instead of paying the plaintiff. Thereupon the plaintiff shipped all the heaters to that company and sent to it a bill for the entire shipment. That company then delivered the heaters called for in the various orders taken by plaintiff to the respective buyers and demanded payment from each therefor. The question was then raised for the various buyers whether they should pay their respective bills to plaintiff or to the Cochrane Company, and the latter thereupon wrote a letter to plaintiff, stating that the understanding of the buyers was that while the goods were to be shipped in one consignment each buyer was to pay plaintiff for the goods ordered. In answer to this letter plaintiff wrote that its understanding was that all the heaters should be paid for by the Conchrane Company, which should collect from the other consignees, and that it would not have made the rates given save for a car load lot to one buyer. Soon afterwards the salesman of plaintiff visited Des Moines and directed the various buyers to pay to the Cochrane Company the amounts called for by their respective orders, which they agreed to do, and the Cochrane Company then agreed to pay plaintiff the amount of the entire shipment. In accordance with this arrangement the Cochrane Company sent bills to the respective buyers to whom the heaters had been delivered for the various amounts of their orders and collected from some of them the amounts called

for, but made no collection from defendant. At that time the Cochrane Company was indebted to defendant for balances of account in the sum of $68.82, some items of which account had been furnished by defendant to the Cochrane Company after the orders for heaters were given and the heaters delivered by the Cochrane Company to defendant. The account of the Cochrane Company to plaintiff for the entire consignment of heaters remained unpaid when the Cochrane Company, in August, 1909, was thrown into bankruptcy, and intervener was appointed its trustee.

It is apparent that the sole question in which plaintiff is interested is as to whether defendant ever became indebted to plaintiff for the heaters ordered by it, and, if so, whether as the result of subsequent negotiations this indebtedness was extinguished upon its assumption by the Cochrane Company.

I. It is to be noticed that the original order given by defendant to plaintiff as above set out was conditional. Assuming the correctness of plaintiff's contention that the

1 Sales: conditional contract: rescision by subsequent agreement.

orders given contemplated a delivery to defendant of the specified number of heaters for which defendant was to make payment to plaintiff, the question still remains whether the heaters were delivered under such order or under some subsequent arrangement. Now it appears that plaintiff never sent any statement of account to defendant, indicating that heaters had been delivered under this order. On the contrary, plaintiff's salesman arranged with defendant and other buyers that all the heaters should be shipped to the Cochrane Company and charged to it, and that each buyer should pay to that company for the quantity ordered upon delivery thereof by the Cochrane Company. There is nothing whatever to show that plaintiff undertook to carry out or did carry out the conditional contract of sale which it alleges to have been made in its behalf with defendant. On the contrary, it appears conclusively,

as we think, that the original conditional contract of sale was modified as between it and defendant (and likewise as between it and the other buyers), and converted with defendant's acquiescence and consent into an arrangement, to which the Cochrane Company also consented, that a bill of the entire number of heaters covered by the original orders should be made to the Cochrane Company, and defendant and each of the other buyers should take from the Cochrane Company a corresponding number of heaters, for which payment should be made to that company. Until the conditional contract of purchase as between the defendant and plaintiff was carried out by delivery of the heaters to defendant in accordance with such original order, there was no completed contract as between plaintiff and defendant.

This is no question of novation, but merely a question of completion of contract. If there was never any completed contract as between defendant and plaintiff, then there is no indebtedness from defendant to plaintiff under the original conditional order. No citation of authorities is necessary to support so self-evident a proposition. Parties certainly have the right by subsequent mutual agreement to modify a conditional contract which has not yet become executed as between them, and to abandon such contract by entering into a different arrangement. The result of this view of the case is that defendant never became indebted to plaintiff under its original order for heaters, but that it did, by a subsequent agreement acquiesced in by itself, the plaintiff, and the Cochrane Company, become indebted to the Cochrane Company for the heaters delivered to it. The judgment of the trial court was in accordance with this view of the case.

II. But even if we should take the view which plaintiff insists upon as the correct one, that defendant did become indebted originally to the plaintiff company, it does not follow that under the subsequent arrangements made

and carried out this indebtedness continued. The conten-
2. SAME: nova-    tion for plaintiff in this respect is that, while
tion.              the plaintiff authorized payment to be made
to the Cochrane Company and directed the latter to col-
lect the amount due from the various purchasers, never-
theless there was no such novation as to release the origi-
nal indebtedness of defendant to plaintiff until payment
to the Cochrane Company had been made; and as no
such payment has in fact been made, the original indebted-
ness to plaintiff still continues. We agree with plaintiff's
counsel in their contention that there is nothing in the ac-
count of defendant against the Cochrane Company to indi-
cate that any portion of the items charged in that account
were intended to be applied in part payment of defendant's
indebtedness for these heaters. But, still, it remains to be
determined whether the arrangement subsequently carried
out between plaintiff, defendant, and the Cochrane Com-
pany involved a release of the indebtedness assumed to
have previously existed from the defendant to the plaintiff.

Counsel insist that to constitute a novation such as
would release the obligation of defendant to plaintiff it
was necessary that there should be a new and valid contract
which, as agreed between plaintiff and defendant, extin-
guished the assumed existing contract, and we concede that
the authorities cited by appellant are to this effect. *Cutting
v. Whittemore,* 72 N. H., 107 (54 Atl., 1098); *Fidelity
Loan & Trust Co. v. Engelby,* 99 Va., 168 (37 S. E.,
957); *Haubert v. Mausshardt,* 89 Cal., 433 (26 Pac.,
899); *Netterstrom v. Gallistel,* 110 Ill. App., 354. These
cases hold that the mere fact of the making of a new con-
tract by which a third party becomes obligated to the
creditor to pay the previously existing indebtedness of the
original debtor does not alone give rise to the presumption
that the original debtor is released.

But we think that in this case there is something more
than the mere fact of the making of a new contract by

which the Cochrane Company was to pay for the entire consignment of heaters.   Before the heaters ordered by defendant were delivered, the salesman of plaintiff advised defendant that the heaters would be shipped to the Cochrane Company and charged to it, and that defendant should make payment to that company instead of to the plaintiff.   The statement of facts in this respect recites that each of the parties giving the orders would so testify, excepting two; and these two would neither affirm nor deny the fact.   This is a concession that, on any issue involving the nature of the arrangement between the parties made before the heaters were shipped to the Cochrane Company and delivered to plaintiff, there would be affirmative and uncontradicted evidence that such arrangement as above indicated was made.   If such an arrangement was made, then clearly, in our judgment, a release of defendant of any obligation which may have previously existed from defendant to plaintiff was implied.   There is nothing in the cases cited for appellant to indicate that the release must be in express terms.   Such release may, of course, be established, like any other agreement, by proof of facts and circumstances from which the implication of such release would reasonably arise.   Now we think it would be most unreasonable to infer that after the modification of the agreement of purchase indicated by defendant's original order, made before such order had matured into a completed contract and before any existing indebtedness under such order had arisen, by which arrangement plaintiff released itself from the obligation, if any existed, to deliver to defendant the heaters ordered, it was the understanding of the parties that a delivery of the heaters to the Cochrane Company would give rise to a direct obligation on the part of the defendant to make payment therefor to plaintiff, notwithstanding the express provision of such new arrangement that the heaters were to be delivered by the Cochrane Company to defendant, and defendant was to

make payment therefor to the Cochrane Company. We are well satisfied that under the circumstances there was an implied mutual agreement between plaintiff and defendant that any existing obligation of the defendant to make payment to the plaintiff for heaters to be delivered to the defendant by or through the Cochrane Company, should be relinquished. In determining whether such relinquishment was intended, we are justified in taking account of the subsequent conduct of the plaintiff and its declarations by letter, to the Cochrane Company. Such conduct and declarations indicate clearly, as we think, that plaintiff understood it was relinquishing any prospective indebtedness contemplated in the original order of defendant and substituting therefor a new arrangement by which, on the delivery of the heaters, the defendant should become indebted to the Cochrane Company, and the Cochrane Company should become indebted to the plaintiff. In any view which can be taken of the case under the statement of facts, the indebtedness of defendant for the heaters was not to the plaintiff, but to the Cochrane Company.

The judgment of the trial court is therefore *affirmed*.