## MARTIN v. LEEPER BROS. LUMBER CO.

No. 4739.    Opinion Filed June 15, 1915.

(149 Pac. 1140.)

1. **NOVATION—Requisites.** The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one.

2. **SAME—Petition—Sufficiency.** Petition examined, and **held** to state facts sufficient to constitute a novation.

(Syllabus by Dudley, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Leeper Bros. Lumber Company, a corporation, against Swan Martin. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. S. Jenkins* and *Albert E. Jenkins,* for plaintiff in error.

*Boss Boley,* for defendant in error.

Opinion by DUDLEY, C. In May, 1912, Leeper Bros. Lumber Company, a corporation, defendant in error, hereinafter referred to as the lumber company, commenced this action in the county court of Oklahoma county against Swan Martin, plaintiff in error, hereinafter referred to as owner, to recover judgment for the balance due on account for lumber and building material used in making certain repairs upon his property. The lumber company recovered judgment for the amount sued for, and from this the owner has appealed, and the only question presented is whether or not the petition states a cause of action.

The petition, omitting the caption and the prayer, is as follows:

"Comes now the above-named plaintiff, and for cause of action against the above-named defendant alleges and states:

"That on or about the ———— day of ————, 1910, the above-named defendant entered into a contract with one Oscar White, in and by the terms of which contract said Oscar White agreed to furnish material and do certain repair and construction work upon a building owned by defendant on East Eighth street, Oklahoma City, Okla., for which repair and construction work defendant agreed to pay said Oscar White the sum of $————. Plaintiff alleges that it does not know whether said contract was in writing or oral, and has no means of ascertaining.

"That on or about the ———— day of May, 1910, plaintiff entered into an oral contract with said Oscar White in and by the terms of which contract plaintiff

promised and agreed to furnish the material to be used by said Oscar White in making the repairs and construction work above mentioned; that in pursuance of said contract with said Oscar White plaintiff furnished and delivered to said Oscar White upon the premises where the above-mentioned repair and construction was being done material as shown by Exhibit A hereto attached and made a part hereof, for which said material said Oscar White agreed and promised to pay plaintiff $750.62.

"That after plaintiff had completed the delivery of the material as shown by Exhibit A upon the premises where the repair work and construction was being done, it was orally agreed by and between defendant and said Oscar White that defendant should take over the repair and construction work on the building, which said Oscar White had agreed and contracted to do for said defendant, as above set forth, and it was then expressly agreed and understood by and between said Oscar White and defendant herein that this defendant should assume and pay all bills for material on said job, including the amount due plaintiff for material furnished as hereinbefore set forth; that at the time of said agreement by and between said Oscar White and defendant said Oscar White advised defendant of the amonnt which was then due and owing this plaintiff, and defendant fully understood the amount of indebtedness to this plaintiff which he, the defendant herein, was assuming.

"That the agreement and arrangement by and between said Oscar White and this defendant whereby defendant assumed and agreed to pay this plaintiff for the material furnished as above set forth was communicated to this plaintiff, and that this plaintiff accepted the offer and promise made by defendant to make payment of the said indetbedness for material, and then and there released said Oscar White from all further liability to make payment of said indebtedness.

"The defendant, on or about the 1st day of August, 1910, paid this plaintiff $450 on said indebtedness, and

plaintiff allowed defendant a credit for material returned of $55.74, but that defendant always has neglected and now refuses to make payments of the balance of said indebtedness, the balance being $244.88."

This petition is drawn upon the theory of a novation. The only objection urged to the sufficiency of the petition is that it does not state facts sufficient . to constitute a novation. In determining this question it is necessary: (1) To consider the nature and requisites of a novation; and (2) the manner in which a novation may be effected.

In 29 Cyc. at page 1130, in discussing the nature and requisites of a novation, it is said:

"In every novation there are four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. A novation is a new contractual relation. It is based upon a new contract by all the parties interested."

At page 1134, in discussing the manner in which a novation may be effected, it is said:

"Novation may be effected in three ways: (1) By the substitution of a new obligation between the same . parties, with intent to extinguish the old obligations; (2) by the substitution of a new debtor in the place of the old one, with intent to release the latter; (3) by the substitution of a new creditor in the place of the old one, with intent to transfer the rights of the latter to the former."

The foregoing rule seems to be the general one. Elliott on Contracts, vol. 3, sec. 1867:

Measured by these rules, we think the petition sufficient on the theory of a novation. It pleads: (1) A contract between the owner and the contractor; and (2) a contract between the lumber company and the con-

tractor. Under the contract between the lumber company and the contractor, the contractor is its debtor. The petition then pleads a release and extinction of the contract between the owner and the contractor, and the creation of a new contract by which the owner is to make the repairs, and pay for the labor and material, including the debt of the lumber company. The terms of this contract were made known to and accepted by the lumber company, and its debt against the contractor was released, and the owner accepted as its new debtor in discharge of its original debtor.

The petition fairly pleads a novation by the substitution of a new debtor, and comes squarely within the rule announced in 29 Cyc. p. 1136, which is as follows:

"The most frequent novation is the substitution of a new debtor. To constitute this kind of a novation, there must be a mutual agreement among three parties, the creditor, his immediate debtor, and the intended new debtor, by which the liability of the last named is accepted in the place of the original debtor in discharge of the original debt."

Both parties cite and rely upon the opinion of this court by Commissioner Ames in the case of *Eastman Land & Invstment Co. v. Long Bell Lumber Co.*, 30 Okla. 555, 120 Pac. 276. We have very carefully read that case, and we think the petition in the instant case, measured by the rule there announced, states a cause of action, for, in rendering the opinion in that case, it was said:

"Of course, if the agreement had been that Eastman should pay the Long Bell Company, that the Long Bell Company should discharge Marcum, and that Marcum should discharge Eastman, there would have been a novation supported by a consideration on all sides, and this

would have supported a personal judgment against Eastman."

The petition sufficiently pleads a consideration under section 926, Rev. Laws 1910, and is sufficient upon the theory of a novation. *Young v. Benton,* 21 Cal. App. 382, 131 Pac. 1051; *Foster v. Paine et al.,* 63 Iowa, 85, 18 N. W. 699; *Hanson v. Nelson,* 82 Minn. 220, 84 N. W. 742; *Martin v. Curtis,* 119 Mich. 169, 77 N. W. 690; *Griffin v. Cunningham,* 183 Mass. 505, 67 N. E. 660; *Munson v. Magee et al.,* 161 N. Y. 182, 55 N. E. 916; *Lowe v. Blum et al.,* 4 Okla. 260, 43 Pac. 1063; *Michigan Stove Co. v. Walker & Co.,* 150 Iowa, 363, 130 N. W. 130, Ann. Cas. 1912D, 505, and note; *Union Central Life Ins. Co. v. Hoyer,* 66 Ohio St. 344, 64 N. E. 435; 29 Cyc. 1130.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.