STATE ex rel. COM'RS OF THE LAND OFFICE v. PITTS et ux.

No. 32401. Oct. 29, 1946.

*173 P. 2d 923.*

Everett H. Welborn, Lonnie L. Corn, Floyd Wheeler, and Richard A. Jackson, all of Oklahoma City, for plaintiff in error.

R. T. Stinson, of Durant, for defendant in error.

OSBORN, J. On November 5, 1928, W. E. Pitts and Josephine Pitts, his wife, mortgaged a tract of land in Bryan county to the Commissioners of the Land Office of the State of Oklahoma. The note secured by this mortgage was due November 15, 1933, and interest coupons up to and including November 15, 1930, were paid by the mortgagors. On January 6, 1931, Pitts and wife conveyed the land to O. P. Bush, who assumed the mortgage debt as a part of the consideration. No interest was paid on the note by Bush, and he also failed to pay the principal, and on December 6, 1937, the State of Oklahoma, on relation of the Commissioners of the Land Office, brought a foreclosure action against W. E. Pitts, Josephine Pitts, O. P. Bush, and others. The trial court rendered judgment foreclosing the mortgage, but refused to render personal judgment for the plaintiff against W. E. Pitts and Josephine Pitts. From the refusal of the trial court to render a personal judgment on the note against W. E. Pitts and Josephine Pitts, plaintiff appeals.

The trial court found from the evidence that on March 6, 1931, the defendant W. E. Pitts notified the Commissioners of the Land Office by letter that the land had been sold to Bush, giving his address, and that Bush had assumed and agreed to pay the mortgage debt; that prior to the giving of such notice the plaintiff commissioners had mailed to Pitts notice of the due date of each interest installment coupon and the amount thereof, but that after said letter was written they never mailed to Pitts notices of the maturity of interest installments, or principal, and that on account of the negligence of the plaintiff in its failure to notify Pitts and his wife, and its delay in filing suit until December 6, 1937, the mortgagee recognized and accepted Bush as the principal obligor, and the defendants, W. E. Pitts and Josephine Pitts, as sureties, and that by such course of conduct on the part of the plaintiff, W. E. Pitts and Josephine Pitts were released from any personal liability to pay the mortgage debt. There was no evidence of any extension agreement between the plaintiff and Bush, or of any affirmative act of any kind by plaintiff which might be construed as a recognition of Bush as the principal obligor, or as releasing W. E. Pitts and Josephine Pitts from liability.

We think the refusal of the trial court to render personal judgment against W. E. Pitts and Josephine Pitts was clearly erroneous. Defendant, to support the action of the trial court, asserts that W. E. Pitts and Josephine Pitts, upon the assumption of the mortgage indebtedness by their grantee, Bush, became sureties only, citing Sawyer v. Bahnsen, 102 Okla. 41, 226 P. 344; Rice v. Federal Life Insurance Co., 172 Okla. 358, 45 P. 2d 49, and other similar decisions. But in those decisions we held that the relation of principal and surety existed only between the mortgagor and his grantee, and that there could be no change in the relation between the mortgagor and mortgagee, without the knowledge and consent of the mortgagee, which would affect the mortgagee's rights.

In most, if not all, of these cases the mortgagee, by written agreement with

the grantee of the mortgagor, extended the time of payment of the note and mortgage, and in Sawyer v. Bahnsen, supra, we held that such extensions amounted to a novation, and that the extension agreements met the test of a novation as required by Martin v. Leeper Bros., 48 Okla. 219, 149 P. 1140.

In Martin v. Leeper Bros., supra, we said:

" 'Novation may be effected in three ways: (1) By the substitution of a new obligation between the same parties, with intent to extinguish the old obligations; (2) by the substitution of a new debtor in the place of the old one, with intent to release the latter; (3) by the substitution of a new creditor in the place of the old one, with intent to transfer the rights of the latter to the former.' "

The failure of plaintiff to notify W. E. Pitts and wife of the maturity of interest or principal after the sale of the land to Bush does not amount to a novation, or change the legal relationship theretofore existing between Pitts and his wife and plaintiff.

The general rule is that in cases like the instant case the assumption of the mortgage by the grantee of the mortgaged premises does not relieve the mortgagor from liability for the debt secured unless the mortgagee has expressly agreed to release him and accept the grantee as a debtor in place of the mortgagor. 41 C.J. 733, § 783; 41 A.L.R. 317 (note); 19 R.C.L. 371, § 142; 37 Am. Jur. 321, § 991.

Furthermore, the failure of the plaintiff sooner to bring suit upon the note and mortgage could not effect the release of the obligation of W. E. Pitts and Josephine Pitts, whether they were principals or sureties. State ex rel. Commissioners of the Land Office v. Hall, 191 Okla. 257, 128 P. 2d 838.

Reversed, with instructions to render personal judgment against W. E. Pitts and Josephine Pitts, his wife, in accordance with the prayer of the plaintiff's petition.

GIBSON, C.J., HURST, V.C.J., and BAYLESS, WELCH, and DAVISON, JJ., concur.