The STATE of Oklahoma on relation of the COMMISSIONERS OF LAND OFFICE, Plaintiff in Error,

v.

Charles Graves SHULL, Jr. and Gladys Madigan Shull, Executor and Executrix of the Estate of C. G. Shull, Deceased, Defendants in Error.

No. 35773.

Supreme Court of Oklahoma.

Jan. 18, 1955.

R. H. Dunn, Rupert E. Wilson, Jr., Oklahoma City, for plaintiff in error.

O. A. Brewer, Hugo, for defendants in error.

ARNOLD, Justice.

The State of Oklahoma on relation of the Commissioners of the Land Office brought this suit in the District Court of Choctaw County against C. G. Shull to collect the balance alleged to be due upon a judgment theretofore entered against Shull which judgment had become dormant.

Defendant answered alleging payment of the judgment in full. While the cause was pending defendant died and the cause was revived against the executor and executrix of his estate.

According to the agreed statement of facts entered into by the parties at the time of the trial, on February 20, 1929, the District Court of Choctaw County entered a judgment in favor of the Commissioners of the Land Office against C. G. Shull in the amount of $6,181.50 with interest thereon at 10 per cent per annum until paid, $500 attorney's fee, and costs of the action, foreclosed the mortgage which defendant had given plaintiff on certain real property as security for the indebtedness, and ordered the land sold; thereafter the land was sold at sheriff's sale and for the sum of $5,900 which sum was credited on the judgment; thereafter defendant asked plaintiff for a statement of the balance owed by him on the judgment which plaintiff did and defendant paid plaintiff the sum shown by such statement on January 15, 1930; the Commissioners of the Land Office accepted such payment as payment in full of the judgment and filed release and satisfaction of judgment in the case; thereafter, in April, 1946, plaintiff advised defendant that a mistake had been made and that after crediting the sum theretofore paid he owed an additional sum on that part of the judgment representing the principal together with costs and attorney's fee as provided by the judgment and accrued interest to date at the rate provided in the judgment; defendant paid the amount of the judgment representing the principal, attorney's fee and costs but refused payment of the accrued interest.

The court entered judgment in favor of defendant provoking this appeal.

Plaintiff contends that the satisfaction of judgment is void inasmuch as it purported to release the judgment for less than was actually due on same; that the payments made by defendant did not stop the accrual of interest in that part of the judgment representing the principal and that plaintiff is entitled to judgment against defendant for the balance owed by him.

On the other hand, defendant contends that when upon request he received a statement from the Land Commissioners as to the full amount due on the judgment and paid it that interest would cease to run, at least until he was thereafter advised of the mistake; and in this connection further contends that when he was advised of the mistake as to the amount due on that part of the judgment representing the principal, attorney's fee, costs and accrued interest he paid the balance of the amount claimed to be due on that part of the judgment representing the principal, the $500 attorney's fee provided in the judgment and the costs and having paid the balance on the judgment and no interest having accrued to this time no further interest would accrue, even though it be determined by the Commissioners that another mistake had been made as to the amount due on that part of the judgment representing the principal. This contention is made on the theory of estoppel.

█ Laches and estoppel do not apply against the state acting in its sovereign capacity because of errors, mistakes, or erroneous representations of its employees. State ex rel. Com'rs of Land Office v. Pitts, 197 Okl. 644, 173 P.2d 923. The state in procuring a judgment is acting in a sovereign capacity and the obligation represented by a judgment cannot be released in whole or in part. Full payment is required.

█ Under the foregoing statement of facts it is clear, in fact unquestioned, that the defendant has not paid the amount of the judgment against him, that is, has not paid all of the principal, accrued interest, attorney's fee and costs as adjudged and the judgment is final. Under State ex rel.

State Com'rs of Land Office v. Weems, 197 Okl. 106, 168 P.2d 629, and State ex rel. Com'rs of Land Office v. Laughlin, Okl., 277 P.2d 683, not yet reported in State Reports, this judgment constitutes an obligation under the inhibition of the Constitution, Article 5, Section 53, and no part of it may be released. The release and satisfaction of judgment therefore is void and should be vacated by the District Judge.

 Since there is controversy as to the dates on which the various payments made by defendant should be credited against the amount owed by him the case must be retried.

Reversed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, BLACKBIRD and JACKSON, JJ., concur.

WELCH, DAVISON, and HALLEY, JJ., dissent.

WELCH, Justice (dissenting).

I think the defendant in fact tendered and offered to pay the full amount due on January 15th, 1930. He desired on that date to satisfy his obligation to the Commissioners of the Land Office in full, and to relieve himself of this penalty interest in the future. He could do no more than to offer to pay in full and to pay the full sum calculated and required. All this he did. He further stood ready on that day and on each succeeding day to pay any balance remaining unpaid by mistake.

Sixteen years later he did pay that balance which he would have paid at first, or on any day it was demanded. The Commissioners of the Land Office in effect declined to accept his offer of full payment on January 15th, 1930, and then sixteen years later made tardy election to accept the balance, with 160% penalty interest added.

The defendant desired complete quittance in January, 1930. He did all he could to obtain it. The plaintiff had no right and could not acquire a right either by design or mistake to compel the defendant, against his will, to remain its debtor with 10% penalty interest.

These wholesome rules, I think, are overlooked by the majority who seem to treat the transaction of January, 1930, as nothing more than a mere partial payment on an existing debt. Of course the payment then made did not fully discharge the debt and no one so contends, but it is contended that the transaction as a whole should relieve the defendant from any penalty interest on any balance which by affirmative act of plaintiff was then reserved from payment and effectively prevented from being then paid.

With that contention I agree. The trial court so held and in my view should be affirmed. Therefore, I respectfully dissent to the majority opinion.

I am authorized to state that DAVISON, J., concurs in these views.