## McFARLAND v. MAYO et al.

No. 7722—Opinion Filed Sept. 12, 1916.

Rehearing Denied Jan. 30, 1917.

(162 Pac. 753.)

1. **Landlord and Tenant—Rent—Assignment of Lease.**

Where one enters into a lease contract whereby he covenants and obligates himself to pay rent, the assignment of the lease by him and the agreement of the assignee to fulfill the covenants of the lease, the payment of the rent as same matures and the acceptance thereof by the landlord, does not release the lessee from the terms of his lease.

2. **Novation—Requisities.**

In order to show a novation of a contract, there must be a substitution of the new and a release of the old tenant by the agreement of the parties or the existence of such facts and circumstances as to create a surrender and acceptance of the leased premises by operation of law, and the evidence here examined, and it is held, same fails to establish a novation.

(Syllabus by Hooker, C.)

Error from District Court, Grady County; Will Linn, Judge.

Action by J. W. Mayo and others against Z. L. McFarland. Judgment for plaintiffs, and defendant brings error. Judgment modified and affirmed.

Riddle & Hammerly, for plaintiff in error.
Holding & Herr and Bond, Melton & Melton, for defendants in error.

Opinion by HOOKER, C. On the 1st day of April, 1909, the plaintiff in error entered into a written contract with W. E. Cecil, whereby he leased the real estate involved here for a period of five years, payable at the rate of $150 per month. Under the terms of the contract, plaintiff in error was to keep and maintain at his own expense said buildings in proper repair during the life of the lease, and under the contract the right of McFarland to assign or sublet was not mentioned.

The said McFarland took possession of said property on the 1st day of April, 1909, and used and occupied the same under said contract from that time until March, 1910, when he sold a one-half interest in his lease contract to one J. S. Jones, and on November 18, 1910, he sold his remaining one-half interest to one Ella Cross. At the time of the sale to Mrs. Cross the plaintiff in error assigned the lease contract executed between him and Mr. Cecil by proper indorsement on the back thereof. During the time the plaintiff in error occupied the premises he deposited the rents to the credit of W. E. Cecil, the owner, in a bank in Chickasha, with which one Ben F. Johnson was connected.

After the assignment of all his interest in said lease, the assignee of the lease continued to pay the rent for some time in the same manner as the plaintiff in error had formerly paid, that is, by depositing the same to the credit of Mr. Cecil in said bank at Chickasha. Subsequently the assignee failed to pay said rent, and this suit was instituted by one J. W. Mayo, who purchased the property after the assignment of the lease by the

plaintiff in error from the said Cecil, to recover the rent due thereon at the time of the institution of this suit, and for repairs made on the property during the life of the lease.

The answer of the plaintiff in error sets up the fact that prior to the time plaintiff purchased said property the defendant, McFarland, transferred the lease to one Jones and one Cross, who assumed all liability and expressly agreed to perform all the conditions of said lease contract, which was assented to by W. E. Cecil, the then owner of the property, and that by common understanding of all parties the original contract made by plaintiff in error with the then owner of the property was canceled and surrendered, and a new contract was impliedly consented to by the then owner, W. E. Cecil, whereby the plaintiff in error was to be released from all liability and the said Jones and Cross accepted as the tenants of said property. This was denied by the plaintiff, and said cause came on for trial, whereupon the said McFarland, assuming the burden of proof, introduced the following testimony, to wit:

The witness Z. L. McFarland testified that in 1909 he rented said property for a period of five years, and agreed to pay therefor $150 per month and keep up repairs of buildings while he occupied the same; that subsequent to the execution of the lease he assigned his interest to Jones and Cross and delivered to them his contract, which he had not seen since; that he thereupon turned the property over to them and had nothing further to do with it, nor had he exercised any act of control or possession over said property from that time on; and that he thereupon notified by letter the then owner of the property, W. E. Cecil, at his post office address in Arizona, to the effect that he had sold the property and assigned his lease, and did not intend to have anything further to do with it, and that he must look to Jones and Cross for his rent, and that they would pay him the rent; that during the time he occupied the property he paid the rent to the First National Bank, with which one Ben F. Johnson was connected, as he was instructed to do by Mr. Cecil; that he never heard anything from the letter.

Ben F. Johnson testified that he was vice-president of the First National Bank of Chickasha, and had been for 15 years; that he was acquainted with the real estate involved here, and one Mr. Cecil at the time he owned said property; that the monthly rentals on said propetry were deposited in the First National Bank to the credit of Mr. Cecil as same were paid, and the deposit tickets made to show by whom said rent was paid; and that the bank notified Mr. Cecil of said payment by sending to him a copy of the deposit ticket.

This is substantially all the eividence that was introduced upon the trial of said cause seeking to establish a novation of the original contract or substitution of Jones and Cross as the tenants of Cecil instead of McFarland. At the conclusion of this evidence the plaintiff demurred thereto, which demurrer was by the court sustained, and judgment entered in favor of the plaintiff and against the defendant below for the amount due under said contract, to which ruling of the court McFarland excepted and has appealed here. It is asserted that the lower court committed an error, for the reason that plaintiff in error had the right to have a jury pass upon the question of fact presented by this evidence, and that he was entitled to all of the reasonable inferences from the evidence that was introduced.

It must be conceded that if this evidence thus introduced, or any inference that can reasonably be drawn therefrom, is capable of two constructions of meanings, the trial court committed an error in refusing to permit a jury to pass upon the same, for it is only permissible to direct a verdict where the evidence is such that all men will reach the same conclusion. We have carefully considered this evidence, and the most favorable construction that we can place upon it, so far as the plaintiff in error is concerned, is that he assigned his lease to Jones and Cross, notified the owner of the property of that fact, and refused to have anything further to do with the real estate that he had leased. The evidence further shows that Jones and Cross paid the rent just as McFarland had paid it before by depositing the same to the credit of Cecil in the First National Bank, to whom deposit slips were sent showing by whom the deposits were made.

It is not claimed here that Cecil, the then owner of the property, ever consented or agreed to release McFarland or to accept Jones and Cross as his tenants instead of McFarland, further than what consent might arise by silence or failure to object to the propositions advanced by McFarland. So far as this record is concerned, Jones and Cross were strangers to Cecil, and their ability to comply with said lease contract unknown to him, and we must say, under the evidence as we view it, a novation of the contract is not shown here, nor did Cecil do or fail to do any act which could reasonably be construed as an indication upon his part to release McFarland from his contract or to substitute in his stead Jones and Cross as his tenants.

One branch of this case was evidently before the Supreme Court in the case of Mc-Farland v. Lanier, 50 Okla. 336, 150 Pac. 1097, wherein this court said:

"To effect a novation of a lease contract, there must be a substitution, by agreement of parties, of a new and a release of the old tenant, or the existence of facts and circumstances which create a surrender and acceptance of the leased premises by operation of law; and such novation must be proven by a clear preponderance of the evidence."

In 24 Cyc. 1183, it is held:

"The fact that a lessee sublets the premises, does not affect his liability to the lessor for the rent, unless the subtenant is accepted by the landlord as his immediate tenant, in which case the original lessee is discharged from liability from rent accruing subsequent to such acceptance. A mere agreement, however, to pay rent to the lessor or mere acceptance of the rent by the landlord from a subtenant is not of itself sufficient to relieve the lessee from liability for future rent."

This question was before the Supreme Court of California in 135 Cal. 36, 66 Pac. 979, Brosnan et al. v. Kramer et al., wherein the court held:

"The mere accepting rent from one in possession under the lease would not have that effect. The lessee cannot, by assigning his lease, rid himself of liability under the covenant. The effect of the assignment is to make the lessee a surety to the lessor for the assignee, who, as between himself and the lessor, is the principal bound, whilst he is assignee, to pay the rent and perform the covenants."

Also in the case of Decker v. Hartshorn, reported in 60 N. J. Law, 548, 38 Atl. 678, it is held:

"The mere receipt of rent by a landlord from an underlessee does not evidence his assent to the abandonment of the demised premises by the original lessee, and is no proof of his acceptance of such underlessee as tenant."

Also the Appellate Court of Indiana in A. C. & M. Co. v. City of Evansville, 14 Ind. App. 621, 43 N. E. 316, said:

"Where a lessee of a wharf from a city has abandoned it, the collection of wharfage by the city from a shipper who used it occasionally during the remainder of the term would not operate as a surrender of the lease, and release the lessee from payment of rent."

In the case of Schachter v. Tuggle Co., 8 Ga. App. 561, 70 S. E. 93, the Court of Appeals of Georgia said:

"Even where there is no provision for the subletting of the premises, a substitution of tenants does not necessarily take place merely because the landlord receives the payment of the rent from an undertenant, to whom the original tenant has subleased the property. It requires a contract, express or implied, to bring about a substitution of tenants. Cuesta v. Goldsmith, 1 Ga. App. 48, 57 S. E. 983. Where the lease contains an express agreement or covenant by the lessee to pay rent, he remains liable for rents to accrue, though he assigns the lease. And this liability of the lessee is not affected by the fact that the landlord accepts payment of the rent from the assignee."

In the case of Rees v. Lowy, 57 Minn. 381, 59 N. W. 310, the Supreme Court of Minnesota said:

"A surrender by operation of law can only be built up by invoking and relying on the doctrine of estoppel—upon a condition of facts, voluntarily assumed, incompatible with the existence of the relation of landlord and tenant between parties who have occupied that position. Nothing is better settled than that a surrender of the lease, or a release of the lessee, is not to be implied from the mere facts that the lessor assented to the assignment of the lease, and accepted rent from the assignee in possession; and this is the very most which the evidence, admitted or offered, tended to prove that plaintiff had done, at least, until after the June rent was due, and fully earned."

And in the syllabus of that case it was held:

"1. That there was no evidence tending to prove a surrender of a lease, and a release of the lessee from its covenants, either by the contract of the parties or by operation of law."

"2. A surrender of a lease by operation of law cannot be implied from the mere fact that the lessor assented to an assignment of the lease, and subsequently accepted rent from the assignee in possession."

In the case of Jones v. Barnes, 45 Mo. App. 590, it is said:

"1. Where there is an express covenant to pay rent, the mere assignment of the lease by the lessee, though with the consent of the landlord, and collection of rent from the subtenant by the landlord will not amount to a surrender."

"2. When a tenant is not under express covenant to pay rent to his landlord, and is only liable by reason of his use and occupation, such liability results from privity of estate, and, if this is broken by his assignment of the lease by the consent of the landlord and acceptance of rent from the assignee, it is a surrender by operation of law."

"3. Where there is an express covenant to pay the rent, the mere breaking of the privity of estate will not release the lessee. There

must be an assent of the landlord to the assignment and the acceptance of the subtenant by the landlord with the intent to substitute him in the place of the original lessee. By merely collecting rents from the assignee or sublessee, the landlord does not discharge the original lessee, who is bound by an express promise."

In the case of Ghegan v. Young, 23 Pa. 18, it is said:

"1. An action of debt by a landlord against a tenant for rent, being founded upon the actual enjoyment of the premises, an assignment by the lessee to another, with the assent of the landlord, would be a defense in such an action; but where the action is not founded on the privity of estate, but on the lease itself and the covenants or promises contained in it, an assignment of the term by the lessee even with the assent of the landlord does not discharge the lessee from his express contract to pay rent, even though the landlord received some rent from the assignee, no discharge of the lessees from their contract appearing."

In the case of Ranger v. Bacon et al., 3 Misc. Rep. 95, 22 N. Y. Supp. 551, it is held:

"1. In an action for rent reserved in a sealed lease, it appeared that the lessees assigned the lease to C., with the written consent of the lessor, as required by the lease. C. covenanted to assume the rent, and thereafter the lessor, with the knowledge of the assignment, accepted the next month's rent from C. Held, that such facts do not, as a matter of law, establish a surrender and acceptance of the lease."

"2. Nor does the substitution of one tenant in the place of another operate, as a matter of law, to discharge the latter from future performance of his express covenants."

In Underhill on Landlord and Tenant, sec. 650, it is said:

"In case a lease contains an express covenant which binds the lessee to pay rent the assignment of the lease, with the assent of the lessor, does not release the assignor from the express covenant to pay rent, though the assignee expressly assumes all the covenants of the lease, and though the lessor subsequently to the assignment collects the rents accruing from the assignee. Thus the consent to an assignment given by the landlord where it is given solely to prevent a forfeiture does not release the lessee from his liability on the covenants of the lease. The receipt by the lessor of rent from an assignee of a lease, who has expressly covenanted to pay the rent, does not discharge the lessee from his express contract to pay rent, for it is nothing more than accepting the payment of the rent from the assignor through the hands of another person. The assignor of the lease is primarily liable to the lessor on his covenant for the rent, as it accrues subsequently to the assignment, and the assignor continues liable as a surety of the assignee unless the landlord in fact accepts a surrender from the assignor or enters into an express stipulation releasing him from liability. Not only is the lessee primarily liable on the covenant to pay rent, but his surety still continues liable for a default subsequent to the assignment, and is not discharged by an assignment or by the acceptance of rent of the assignee by the assignor unless a new lease or a surrender is shown. But where the obligation of the original lessee to pay rent is only that which is implied by the law from the privity of estate which is created by his occupation of the premises under an assignment, his subsequent assignment, though without the assent of the lessor, extinguishes this privity which existed between him and the lessor, and he is no longer liable primarily or as a surety for the payment of the rent by his assignee."

We are of the opinion that the evidence introduced in the court below did not entitle plaintiff in error to have this cause submitted to a jury, and the judgment of the trial court in directing a verdict was proper.

Upon the item of repairs for which judgment was rendered against the plaintiff in error, we are of the opinion that the same was not justified by this record, for under the pleadings it was incumbent upon the defendant in error, Mayo, to introduce some evidence fixing liability upon the plaintiff in error, which was not done. The judgment here as to $73, with interest at the rate of 6 per cent. from the 2d of May, 1912, was improperly rendered, and the judgment of the court will be modified to that extent. In all other things, that judgment is affirmed.

By the Court: It is so ordered.