## BURFORD v. HUGHES.

No. 9106—Opinion Filed July 15, 1919

(Syllabus by the Court.)

1. **Novation—Independent Obligations — Effect of Fraud in Original Contract—Bills and Notes.**

Mrs. Hughes gave an option on her land to the effect that, when paid the sum of $3,-200, she would execute an oil and gas lease. The Flora Dora Oil Company was incorporated and issued stock to procure money to pay for the option and develop the lease. Burford subscribed for seven shares of stock and paid for same by giving note to Mrs. Hughes for $700, which was by agreement of all parties applied as part payment on the lease. Suit was brought on the note, and Burford pleaded fraud in the procurement thereof by the oil company as a defense. Mrs. Hughes had no connection with the oil company other than the execution of, and the delivery of, lease. Held, the law of nova-

tion is applicable thereto, that Burford is a substituted debtor, and that the note is an independent obligation existing between the parties in which fraud, if any, in the procurement thereof, is not a defense.

## 2. Novation—Elements.

In every novation it is essential that the new contract in which there is a substituted debtor shall be valid; that all parties thereto must agree to the substitution of the new contract and debtor, and that the old contract be a valid one and extinguished by the giving of a new contract. When such is the case, the substituted obligation is a new contractual relation and one in which the old obligation is in no way concerned.

## 3. Pleading—Allegations of Agency—Denial—Waiver of Verification.

An allegation of an agency in a pleading must be taken as true unless denied under oath; but, if no objection is made to the introduction of evidence to prove or disprove agency, then this statutory requirement is waived, and in such a case it is the duty of the court to submit the issue of agency as though the pleading denying agency were verified.

Error from District Court, Muskogee County; Chas. G. Watts, Judge.

Action by Dora B. Hughes against G. E. Burford. Judgment for plaintif, and defendant brings error. Affirmed.

Blakeney & Maxey, for plaintiff in error.

M. G. Bailey and W. J. Crump, for defendant in error.

HIGGINS, J. An option was taken on the lands of Mrs. Hughes, defendant in error, wherein, upon payment of a sum approximating $3,200, she was to execute an oil and gas lease upon certain lands belonging to her. The Flora Dora Oil Company was organized and proceeded to sell stock to pay for the sum called for in the option and to develop the property. Burford, the plaintiff in error, subscribed to seven shares of stock in this company, but did not pay for it in cash, but paid for it by executing a note to Mrs. Hughes for the sum of $700. This note was applied to the payment on the lease, the remainder thereof being paid in cash. The lease on the lands was then delivered to the Flora Dora Oil Company. It at once proceeded to develop the property, sinking two holes which proved to be dry. While this development was being made, Burford made no claim of any kind that a fraud had been perpetrated upon him in the procurement of the note to Mrs. Hughes; but, after the development in which there was a failure to find either gas or oil, he for the first time awakened to the fact that he had been defrauded in the procurement of the note and refused

to pay the same, whereupon suit was brought by Mrs. Hughes against him.

The fraud alleged is that Carroll S. Bucher, a brother of Mrs. Hughes, acting as her agent and also for the Flora Dora Oil Company, in securing his execution and delivery of the note in question in payment of the stock in the company, had made certain false representations to him, that is, that he (Bucher) represented to him that there were no oil developments on the 20 acres to the south of the lease in question and that, relying upon this representation, he executed the note in question in payment of the stock of the company, whereas, in truth, the 20 acres above had been developed and no oil discovered, and that he executed the note, relying upon the false representations of Bucher as the truth. Bucher denied that he was the agent of his sister or the oil company, and denied that he had perpetrated any fraud of any kind whatsoever on the plaintiff in error. Burford noted on the note that it was "not transferable." There is conflict in the evidence as to why this was done, Burford stating he did so in order that the note might not go into the hands of innocent parties, thus giving him an opportunity to investigate the representations made by Bucher as to the development of the acreage to the south of the lease. Other witnesses, however, testified the reason given by Burford was that he did not want his note "hawked about." The court instructed the jury that if, at the time Mrs. Hughes received the note executed by Burford, she knew that false representations had been made to him in order to secure the execution thereof, or if Bucher was her agent and had made false representations to Burford as to developments of the 20 acres above referred to, and that if Burford relied upon these false representations and believed them to be true, and thus executed the note in question, then Mrs. Hughes could not recover upon the note. The court refused to instruct the jury that, if any false representations were made by Bucher as agent of the oil company which induced plaintiff in error to execute the note, this would be a defense to the action.

The jury decided the issue in favor of Mrs. Hughes, and Burford appeals to this court.

The error complained of by plaintiff in error is that the court erred in its refusal to give an instruction requested, holding that false representations, if any, made by the oil company upon which Burford relied, believing the same to be true, were a legal defense to the payment of the note. The plaintiff in error contends that if a contract was entered into between the oil company and him by which he was to give a note to the oil com-

pany, but which, at its request, he made payable to Mrs. Hughes, then Mrs. Hughes is not an innocent purchaser for value, and any fraud or failure of consideration that would appear in the contract between the oil company and him would be a defense against the note in Mrs. Hughes' hands, quoting Jones v. Citizens' State Bank, 39 Okla. 393, 135 Pac. 373. The law as applied to the facts in that case is sound, but the facts in that case are not the facts in the case at bar. In the above-cited case, the note was made to the bank for the accommodation of the one who was really the payee. In the instant case the note was made payable to Mrs. Hughes, not for the benefit and at the request of the oil company, but for the benefit of Burford, and the note having been thus executed to Mrs. Hughes for the benefit of Burford without any knowledge by Mrs. Hughes of any false representations made to Burford, if they were made, relieved the Flora Dora Oil Company from the payment of $700, justly due and owing to her by it, and undoubtedly, under the circumstances as they are in this case, and as found by the jury, it cannot be said that Mrs. Hughes should lose the entire $700, because some one had made false representations regarding the lease which were unknown to her.

This finding necessitates the consideration of the law of novation. In 29 Cyc. 1130, "novation" is defined as follows:

"Novation is the substitution by mutual agreement of one debtor or of one creditor for another whereby the old debt is extinguished, or the substitution of a new debt or obligation, for an existing one, which is thereby extinguished. It is a mode of extinguishing one obligation by another—the substitution, not of a new paper or note, but of a new obligation in lieu of an old one—the effect of which is to pay, dissolve or otherwise discharge it."

And on the same page the requisites of novation are stated as follows:

"In every novation there are four essential requisites: (1) A previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one. A novation is a new contractual relation."

In Martin v. Leeper et al., 48 Okla. 219, 149 Pac. 1140, it is held:

"The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one."

In the instant case, we find that the contract of Mrs. Hughes with the oil company for the lease on her lands for oil and gas purposes was a valid obligation and a just debt to her; that all the parties, together with Mrs. Hughes, the oil company, and Burford, entered into a new contract, that is, that in payment of so much cash, and the giving of a note by Burford to Mrs. Hughes, the old contract between the oil company and Mrs. Hughes became extinguished; and that the contract evidenced by the note of Burford to Mrs. Hughes is a valid one.

The second and third propositions raised by plaintiff in error are that the note was not transferable, and that fraud, if any, on the part of the oil company, was a defense thereto. A discussion of the law in reference thereto is useless for the reason that we find that the note in question is an independent obligation; that Burford is therefore a substitute debtor, and the original transaction between him and the oil company is of no concern in the claim of Mrs. Hughes upon the note.

Section 4759 of the Revised Laws of Oklahoma 1910 provides that all allegations of an appointment or authority shall be taken as true unless denied under oath. The reply of Mrs. Hughes, denying the allegation of the answer of Burford alleging that Bucher was her agent, was not under oath. Evidence was introduced first by Burford, he himself testifying as to the facts of the agency. Then Mrs. Hughes introduced evidence to disprove the agency. Burford was not only the first to introduce evidence to prove agency, but made no objections to the evidence of Mrs. Hughes to disprove agency. The issue was tried as though the reply was verified, and Burford in this court for the first time objects to the evidence to prove or disprove agency for the reason the reply filed by Mrs. Hughes was not verified.

Section 4759, supra, further provides that allegations of the existence of a partnership shall be taken as true unless denied under oath. In Johnson v. Douglass, 8 Okla. 594, 58 Pac. 743, the answer denying the partnership was not verified, and the parties thereto introduced evidence to prove and disprove the partnership; no objections being made thereto as in the case at bar. The law laid down in that case is as follows:

"An allegation of the existence of a partnership, made in the pleadings in the case, is admitted, unless the same is denied under oath by the opposite party, his agent or attorney. But if the parties go to trial in the justice's court without raising the point, and an appeal is taken to the district court, and they proceed to trial, and without objection, evidence is introduced by the plaintiff tending to prove the partnership, and contrary evidence by the defendant, and the case

is tried as though the partnership was in issue, the court will treat the point waived."

Consequently, in keeping with the above authority, we find that the objection now comes too late. By not objecting to this evidence in the trial court, the plaintiff in error waived the statutory requirements that his allegations as to agency must be taken as true; the same not having been denied under oath.

As heretofore stated, Burford made no claim of fraud when the land was being developed, but waited until developments proved the lease to be worthless. What would have been his attitude if oil had been discovered? Would he have yet claimed fraud in the procurement of his note and the issuing of stock to him? His answer to the following questions throws but little light upon what his attitude would have been;

"By Mr. Crump: Q. When you got back, you found two dry holes on the land, didn't you? A. Yes, sir.

"Q. When you got back, if you had found these two holes was a thousand-barrel producing oil well, you would not have said a word?

"By Mr. Blakeney: We object.

"By the Court: Overruled.

"By Mr. Blakeney: Exceptions.

"By Mr. Crump: Q. You would have not said a word about it, would you—you would have gone on and paid the note? A. (No answer.)

"Q. And you would have paid the note? A. It would have depended—

"Q. If you had got a thousand-barrel well on each of them?

"By Mr. Blakeney: We object as incompetent, irrelevant, and immaterial.

"By the Court: Overruled.

"By Mr. Blakeney: We except.

"By Mr. Crump: Q. What do you say about it, Mr. Burford? A. Well, if there—if it hadn't have been for those dry holes in there—"

Burford testified that he was away on a visit when developments were being made. Good conscience and fair dealing would have required him to have investigated whether or not a fraud had been perpetrated upon him before development was had. He owed this to the others who were associated with him in the development of this lease, and especially so, when he testified that he was doubtful whether or not the representations made to him as to developments to the south of the lease were true.

The defendant in error admits that through error the judgment of the lower court is excessive in the sum of $12.05. The judgment for $957.80 entered by the trial court is modified to this extent, leaving a balance due thereon in the sum of $945.75, as of the date October 27, 1916, the date of the rendition of the judgment in the trial court.

The judgment of the trial court as modified is hereby affirmed.

SHARP, RAINEY, PITCHFORD, and McNEILL, JJ., concur.

OWEN, C. J., not participating.