## McPIKE DRUG CO. v. WILLIAMS et al.

No. 11772—Opinion Filed Nov. 25, 1924.

### 1. Novation—Pleading—Necessity.

A novation is in the nature of a release or discharge and is new matter which must be specially pleaded.

### 2. Same—Evidence Erroneous in Absence of Pleading.

It is error to permit the introduction of evidence tending to establish novation over objection, in the absence of such pleading.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Rogers County: C. W. Mason, Judge.

Action by McPike Drug Company against Edward M. Williams and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Robson & Bayless, for plaintiff in error.

F. E. Riddle and Joe Chambers, for defendants in error.

Opinion by LYONS, C. Plaintiff sued defendants to recover a balance due on account. Defendants admitted the correctness

of the account, but pleaded payment. At the trial the defendants offered evidence tending to establish the following state of facts, to wit: A sale of the property (which consisted of a drug store stock) upon the condition that all of the creditors would accept 50 per cent. of the amount of their accounts from the purchaser as payment in full. The specific plea of novation does not appear in the answer. The affirmative defense pleaded as new matter was payment.

The rule is that a novation is in the nature of a release or discharge, and is new matter which must be specially **pleaded.** Temple et al. v. Teller Lumber Co. (Colo.) 106 Pac. 8. In Martin v. Leeper, 48 Okla. 219, 149 Pac. 1140, the syllabus is as follows:

"The requisites of a novation are a previous valid obligation, an agreement of all the parties to a new contract, the extinguishment of the old obligation, and the validity of the new one."

See, also, Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 Pac. 161.

The case of Continental Gin Co. v. Arnold, 52 Okla. 569, 153 Pac. 160, lays down the rule as follows:

"The term 'payment' in its legal import, means the satisfaction of a debt, by money or the representative of money, and not by novation, compromise, or accord and satisfaction.

"An 'accord and satisfaction' is an executed agreement whereby one of the parties undertakes to give, and the other to accept, in satisfaction of a claim arising either from contract or tort, something other or different from what he is, or considers himself, entitled to.

"Accord and satisfaction and other transactions closely allied thereto, such as a compromise agreement, executory accord, and **novation,** in order to be available as a defense, must be specifically, pleaded."

The learned trial court took the view that the evidence offered was admissible under the plea of payment, and while the matter is not entirely free from doubt, we have concluded that in this case the evidence was not admissible under such plea, and that it was requisite for the pleader to have specifically alleged a novation in order to make such evidence admissible. In the instant case the defense of novation was not pleaded in the answer, and since timely objection was made to the introduction of evidence tending to establish such defense, the trial court committed error in permitting such evidence to be admitted.

The judgment of the trial court is therefore reversed and the cause remanded, with directions to grant a new trial.

By the Court: It is so ordered.