**SUTHERLAND, Ex'r, et al. v. FIRST NAT. BANK OF HOMINY.**

No 16847—Opinion Filed Sept. 28, 1926.

**1. Trial—Demurrer to Evidence—Effect.**

A demurrer to the evidence admits all the facts which the evidence in the slightest degree tends to prove, and all the inferences or conclusions which may be reasonably and logically drawn from the evidence. On a demurrer to the evidence, the court cannot weigh conflicting evidence, but will treat the evidence as withdrawn which is most favorable to the demurrant. Edmisson v. Drumm-Flato Com. Co., 13 Okla. 440, 73 Pac. 958.

**2. Bills and Notes—Bona Fide Holder—Burden of Proof.**

When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Rev. Laws 1910; 7729, C. S. 1921: Lambert v. Smith, 53 Okla. 606, 157 Pac. 909.

**3. Same—Sufficiency of Defense that Note Executed by Incompetent Indian.**

Where the defense offered is that the defendant is an incompetent Osage Indian, neither able to speak, read or write the English language, and that there was a partial failure of consideration for the note sued on, and the evidence offered tends to establish the facts set up in the answer, it is reversible error for the court to sustain a demurrer to the evidence.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3

Error from District Court, Osage County; Jesse J. Worten, Judge.

Action by the First National Bank of Hominy, Oklahoma, against G. K. Sutherland, executor of Estate of Wah-sho-shah, deceased, and Rosa Wah-sho-shah. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

J. M. Humphreys, for plaintiffs in error.

Leahy, MacDonald & Files, for defendant in error.

Opinion by JONES, C. This action was instituted by the plaintiff, defendant in error, against the plaintiffs in error, defendants, in the district court of Osage county, to recover balance due on a certain promissory note alleged to have been executed by one Wah-sho-shah, now deceased, and his wife, Rosa Wah-sho-shah, defendants.

The note originally was executed by said parties to one R. W. Arnold, and was given as the purchase price of 102 head of cattle, 100 of which was valued at $60 per head, and two at $150 per head, the total purchase price being $6,300 and ten per cent. annual interest was added, making the note $6,930. The note and mortgage securing same was executed on the 6th day of August, 1922, and on the 10th day of August same is alleged to have been assigned in due course to the defendant in error. The sale of the cattle, execution of note and mortgage, and the entire transaction took place in the Bank of Hominy, and in the presence and to some extent under the direction of W. S. Crowe, an officer of the First National Bank of Hom-

iny, defendant in error. Wah-sho-shah and wife were full-blood Osage Indians unable to speak or read the English language, and executed the note and mortgage by thumb mark, being unable to write.

The defense interposed is that the plaintiff is not an innocent purchaser in due course, and that Wah-sho-shah and wife were incompetent Osage Indians, and were over-reached in the transaction, and were fraudulently induced to pay $60 per head for said cattle, when in truth and in fact same were not worth to exceed $20 per head; that said transaction was made without the consent of the Superintendent of the Osage Agency, and in fact in direct opposition to his direction and orders; and that said cattle were returned to the said Arnold by and under the direction of J. Geo. Wright, Superintendent of the Osage Agency, and received by the said R. W. Arnold, and that all of the facts and circumstances surrounding the transaction were well known to the plaintiff bank at the time it became the owner of said note.

Upon the trial of the case to the court without the intervention of a jury, at the close of the introduction of the evidence on the part of both plaintiff and defendants, the plaintiff interposed a demurrer to the evidence of the defendants, upon the theory that no defense had been established; the demurrer was sustained, and judgment rendered in favor of the plaintiff and against the defendants for the amount sued for, from which order of the court sustaining the demurrer and the judgment, the appellants prosecute this appeal, and contend that the judgment of the court was contrary to the law and the evidence, and that the court committed reversible error in sustaining plaintiff's demurrer to the evidence offered by the defendants.

The evidence supports the averments of the defendants' answer, to the effect that the defendants Rosa Wah-sho-shah and her husband, who was deceased at the time of the institution of the suit, were full-blood Osage Indians, unable to read, speak, or write the English language, and that the cattle purchased were not worth to exceed $30 per head, and that the 102 head of cattle were selected from a herd of about 650 head, and it is admitted by plaintiff that there were cattle in the herd worth $60 per head, but that Wah-sho-shah in selecting the cattle, if in fact he did select them, took cattle of far less value. There is also a conflict in the evidence as to whether or not Rosa Wah-sho-shah executed the note, and for the purpose of the demurrer we think the evi-

dence amply sufficient to establish the fact that the title to the note was defective, and sufficient to shift the burden upon the appellee bank to show that they were purchasers in due course. It is a well established rule of law that, when it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. As provided by section 4109, Revised Laws 1910, which has been construed by this court in the case of Dunkin v. Waurika National Bank, 62 Okla. 175, 162 Pac. 788, and numerous other decisions, the proof at least establishes a partial failure of consideration, and this is admitted for the purpose of the demurrer. The court made no special findings of fact or conclusions of law, and there is nothing to indicate that the court weighed the evidence as upon final submission, and under these circumstances we think the court was clearly in error in sustaining the demurrer. It is evident from the record that counsel for plaintiff in the trial court interposed a demurrer merely for the purpose of the record, and insisted that he be permitted to introduce further testimony on discovering that the court was going to sustain his demurrer, but the court apparently being satisfied that the demurrer was well taken proceeded to sustain same.

This leaves undisposed of, the question urged by the appellant in his reply brief, to the effect that on account of certain restrictions applicable to Osage Indians and the authority given to the Interior Department to supervise, regulate, and control transactions between the Osage Indians and Indian traders, as provided by Act of Congress March 3, 1901, 31 St. L. 1065, chapter 832, the transaction here involved is in violation of the act, which act has been construed by this court in the case of Tinker v. McLaughlin-Farrar Co., 32 Okla. 788, 124 Pac. 296, wherein the court held that the act was in full force and effect. The act among other things provides:

"That it shall be unlawful hereafter for the traders upon the Osage Indian Reservation to give credit to any individual Indian or head of a family to an amount greater than 60 per centum of the next quarterly annuity to which such individual Indian or head of a family will be entitled; and if such traders shall give credit to any individual Indian or head of a family upon such reservation in excess of the amount herein allowed, no portion of the indebtedness thus created shall be collectible, and the same shall be void and the licenses of such traders shall be revoked. * * *"

But in the instant case no proof is offered of the amount of the quarterly annual payment of the Wah-sho-shahs, hence we deem it unnecessary to pass upon this question at this time. Having concluded that the demurrer was improperly sustained, we find that the case should be and the same is hereby reversed and remanded to the trial court for a new trial.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1542, 1543, 1946; 26 R. C. L. p. 1063; 3 R. C. L. Supp. p. 1490; 4 R. C. L. Supp. p. 1694; 5 R. C. L. Supp. p. 1437. (2) 8 C. J. p. 983, §1291. (3) 8 C. J. p. 1060, §1371 (Anno).