## ALKIRE et al. v. ACUFF.

No. 17701. Opinion Filed March 13, 1928.

Rehearing Denied Dec. 24, 1928.

Bailey & Hammerly, for plaintiffs in error.

Womack, Brown & Cund, for defendant in error.

RILEY, J. This is an appeal from a judgment below in favor of defendant in error, as plaintiff, and against the plaintiffs in error, as defendants. There were three causes of action, the first of which was for $400, alleged to be due plaintiff for work and labor by him performed as a driller over a period of two months in the services of defendants; the second of which was for the recovery of $1,000, alleged to have been paid defendants by plaintiff upon a written contract, wherein defendants agreed to deliver to plaintiff, in consideration of the $1,000 and a certain automobile, 8,000 shares of capital stock of the Alkire Drilling Company, it being alleged the defendants failed to deliver said stock, but that the automobile had been returned to him; the third cause of action was for the recovery of $50, alleged to have been paid by plaintiff to a workman of defendants under the express promise of defendants to repay plaintiff said sum; that the promise had been breached.

It appears that George Alkire, E. E. Alkire, his father, and Ted Alkire, his brother, were partners in a joint venture of drilling for oil and in organizing and promoting a corporation for the same purpose.

The first and third causes of action were submitted to a jury; as to the latter, the defendants contended that if the $50 was paid as alleged, it was paid without request, obligation, or liability on the part of defendants to repay said sum; that as to the former, while defendants admit the labor was performed as alleged, that after the Alkire Drilling Company was chartered in the state of Arizona and after financial dif-

ficulties were encountered, the plaintiff acquiesced in all assets and liabilities, including plaintiff's claim being turned over to one Kibler as trustee, and that all assets were expended in development and prospecting by said trustee through plaintiff as manager, and that plaintiff is estopped to assert his claim.

Under proper instructions, the jury found for plaintiff upon the disputed questions of fact growing out of the issues so joined in causes of action 1 and 3.

There is sufficient competent evidence to support the judgment rendered upon the verdict of the jury, and under the established rule the same will not be disturbed on appeal.

At the conclusion of all evidence the court sustained a demurrer to the evidence offered as to the second cause of action and rendered judgment for plaintiff in the sum of $1,000 thereon.

The facts established by the evidence are, in substance, as follows: A written contract was entered into between plaintiff and defendants whereby defendants proposed to organize the Alkire Drilling Company in Arizona and obligated themselves for a specific consideration, a part of which is the $1,000 sued for in the second cause of action, to deliver to plaintiff 8,000 shares of capital stock of said corporation. It is admitted by all parties that the said contract was executed; that defendants received the $1,000 in cash from plaintiff; that the charter from the state of Arizona was obtained by the Alkires, the defendants, but no stock was ever delivered to the plaintiff.

It is disclosed that defendants, on May 3, 1924, entered into a written contract with W. L. Rucker providing an agreement for and between the three Alkires and Rucker for the incorporating of a drilling company. Two days later Acuff arrived in Arizona and the written contract was made heretofore mentioned, wherein the $1,000 herein sued for and an automobile were obtained from Acuff under the promise to deliver him 8,-000 shares of stock. The three Alkires signed this contract.

Thereafter, and on June 7, 1924, another contract was entered into and signed by the three Alkires, W. L. Rucker, and L. W. Kibler, novating the original contracts between these parties and providing for a trustee. Acuff was not a party to this latter contract.

Now, defendants below attempted to show that, while Acuff was not a party to this contract, yet he had knowledge of it and agreed to it by accepting the trusteeship of Kibler, and consequently was bound by the new contract and they were liberated from the obligations of their contract with plaintiff by this novation established in this manner.

Admitting the truth of all facts which the evidence in the slightest degree tends to prove, all the inferences and conclusions which may reasonably and logically be drawn from the evidence, and considering all conflicting evidence most favorable to demurrant as withdrawn (Downey v. Broesamle, 91 Okla. 81, 215 Pac. 1055; Sutherland v. First Nat. Bank, 119 Okla. 278, 249 Pac. 715), yet we cannot say a novation was in the slightest degree established as against Acuff. Acuff is not shown to have done anything more than sit idly and patiently by and leniently await the delivery of stock in accordance with the original and existing obligation of defendants.

There was no consideration upon which to base the contended novation. There was no agreement between these parties as to a new contract of such character as could modify the existing written contract, and even if it be considered that the new contract and agreement in evidence between different parties not including plaintiff set up a new obligation, there is nothing to establish that the obligations of the old contract to which Acuff was a party was extinguished. 20 R. C. L., par. 14, p. 371.

The presumption is that the old obligation was not extinguished. 20 R. C. L. 364. It is necessary that all parties enter into a new agreement in order to establish a novation. The pre-existing obligation must be extinguished. There must be a consideration upon which to base the new contract— and the new obligation must be enforceable by him to be charged with the novation. Martin v. Leeper Bros. Lbr. Co., 48 Okla. 219, 149 Pac. 1140: McFarland v. Mayo, 65 Okla. 28, 162 Pac. 753; Ambrister v. Dalton, 66 Okla. 158, 168 Pac. 231; Burford v. Hughes, 75 Okla. 150, 182 Pac. 689; McPike Drug Co. v. Williams, 104 Okla. 244, 230 Pac. 904; Stuart v. Edwards, 84 Okla. 207, 202 Pac. 1032.

There is no evidence showing Acuff ever accepted any new obligation in place of the old. The Alkires were the promoters, under the evidence. They were to organize and incorporate the drilling company. Acuff was the purchaser of the stock.

"A promoter of a corporation is one who, alone, or with others, takes it upon himself to organize a corporation." 14 C. J. 251.

Promoters assume personal liability on such contracts made by them. Fletcher on Corporations, vol. 1. secs. 158, 312; 14 C. J. 269.

In Jackson v. Norman, 99 Okla. 220, 226 Pac. 570, it was held:

"Where promoters attempt to form a company, and after selling a part of the capital stock on such company abandon the project, it is their duty to return the amount of the subscription to the subscriber, and the loss and expense incurred in such abortive enterprise must be borne by the promoters and not by the subscribers."

It is no defense that such stock money was paid out for expenses preliminary to organization. Fletcher on Corporations, sec. 339.

In Neely v. S. W. Cotton Seed Oil Co., 13 Okla. 356, 75 Pac. 537, it was held:

"The court may withdraw a case from the jury and direct a verdict for the defendant where the evidence is undisputed, or is of such conclusive character that the court, in the exercise of a sound judicial discretion, would be compelled to set aside a verdict returned in opposition to it."

We hold the learned trial court was warranted in directing a verdict for plaintiff below upon the second cause of action and in rendering the judgment entered upon the verdict of the jury upon causes of action 1 and 3.

BRANSON, C. J., MASON, V. C. J., and HARRISON, LESTER, CLARK, and HEFNER JJ., concur.

PHELPS and HUNT, JJ., dissent.

PHELPS, J. (dissenting). I am unable to concur in the opinion herein in holding that the trial court properly sustained a demurrer to defendants' evidence and rendered judgment for plaintiff on the second cause of action.

The opinion states:

"There was no agreement between these parties as to the new contract of such character as could modify the existing written contract."

As we view it, that question was primarily one for the jury to decide.

Several witnesses testified that Acuff was present at the meeting, participated in the proceedings, and agreed to the new arrangements made, wherein the original agreement was abandoned. He testified himself that he was present at some of the meetings. He became field manager for the new concern.

The automobile which he had turned over to the Alkires was returned to him and he used it in performing his duties as field manager and has never returned it or offered to return it. If there was a novation of the original contract, as claimed by plaintiffs in error, and defendant in error consented thereto and became a party in the new enterprise, it cannot be consistently contended that there was no agreement between the parties such as could modify the existing contract.

In Drumright State Bank v. Westerheide, 124 Okla. 108, 254 Pac. 80, in the 3rd paragraph of the syllabus, this court said:

"To establish the existence of a novation or substituted contract, it is not essential that express words agreeing to the substitution be proven; it is sufficient if an agreement to substitute may be reasonably deduced from facts and circumstances put in proof in the case showing the conduct of the parties concerning the new or substituted contract."

The rule therein announced is not new, but is the settled law of this, and, as far as we are advised, all other jurisdictions.

The trial court was not authorized or justified in sustaining a demurrer and directing a verdict unless all the evidence, facts, and circumstances, together with all the reasonable inferences to be drawn therefrom, wholly failed to establish the contention of plaintiffs in error, and, in our judgment, the testimony introduced, together with the facts and circumstances, not only justified but demanded that the question as to whether there was a novation of the original contract was a question of fact which plaintiffs in error had a right to have determined by the jury, and since the trial court refused to submit those questions of fact to the jury, plaintiffs in error, as we view it, have been deprived of a constitutional and statutory right.

As to the third cause of action, wherein Mr. Acuff prays judgment for reimbursement for the $50 he claims to have paid on behalf of the Alkires, he admits in his own testimony that the check for this $50 was made payable to Kibler, the trustee of the new company, and that he understood that Kibler, as trustee, was to repay the money, and Acuff's right to recover at least a portion of the amount claimed in his first cause of action depended upon whether there had been a novation. The first and third causes of action, therefore, are so interlocked and interwoven with and dependent upon the second cause of action that, in our judgment, it is impossible to do exact justice between

the parties without submitting the disputed questions of fact upon which all three causes of action are dependent to a jury.