**TULSA ICE CO. et al. v. LILEY et al.**

No. 20793. Opinion Filed April 26, 1932.

F. B. Dillard, for plaintiff in error Tulsa Ice Company.

Tillman & Tillman and Preston S. Davis, for plaintiffs in error Phillips and Phillips & Company.

E. E. Harvey and W. E. Norvell, for defendants in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by J. E. Liley against the Tulsa Ice Company and J. L. Phillips and J. L. Phillips & Company to recover damages because of alleged breach of contract of employment entered into between him and ice company. The case was transferred to the court of common pleas and there tried to the court. The trial resulted in judgment in favor of plaintiff against all defendants, in the sum of $895.-30, with interest from December 31, 1927. The trial court also found that defendants Phillips and Phillips & Company were primarily liable and defendant ice company was secondarily liable to plaintiff, and rendered judgment in favor of the ice company against its codefendants in the sum found due plaintiff.

The defense of the ice company was a novation of the contract, and that plaintiff accepted Phillips and Phillips & Company as his debtor, and released it from all liability under the contract. Defendants Phillips and Phillips & Company made no defense in the lower court and judgment went against them by default. The ice company has appealed and made J. L. Phillips and J. L. Phillips & Company both plaintiffs in error and defendants in error in this court.

Appellant contends that the evidence is insufficient to authorize a judgment in favor of plaintiff, and that the trial court erred in overruling its demurrer thereto. In this connection it is urged that the evidence offered on behalf of plaintiff proves a complete novation of the contract. We do not agree with this contention.

Plaintiff, in substance, testified that, on January 1, 1927, he entered into a contract with the Tulsa Ice Company to manage and handle its ice business in the town of Avant. Okla., for a period of one year. The ice company agreed to pay him for his services $125 per month for the first two months, and $150 for each month thereafter during the entire year. He worked for this company about four days, after which time the ice company sold and transferred its business to defendants Phillips and Phillips & Company. These defendants, as a part of the consideration for the purchase of the business, assumed the contract between plaintiff and the Tulsa Ice Company and agreed to employ him under the terms thereof and to pay him the wages therein specified for the year 1927. Plaintiff was

advised of the contract by the representatives of both defendants, and agreed to remain with the new owners, and in their employment during the year under the terms of the original contract entered into between him and the ice company. Several days after the contract was made between the ice company and Phillips and Phillips & Company, the latter advised plaintiff that they would not carry out the terms of the contract made between him and the ice company; that the business would not justify the payment of the salary provided therein. Plaintiff was discharged from the services of the company. He was unable to obtain employment for a period of five months, at the end of which he obtained employment at $75 per month for the remainder of the year. Thereafter this suit was brought by him against both companies to recover damages because of the breach of the contract.

There is no evidence which establishes that plaintiff at any time entered into a new contract of employment with Phillips and Phillips & Company, or that he released the Tulsa Ice Company from the obligations of its contract. The evidence is insufficient to prove a novation.

In 20 R. C. L. 371, the following rule is announced:

"In order to constitute a novation such as will release the obligation of the original debtor to his creditor, it is necessary that there should be a new and valid contract, which, as agreed between the parties, extinguishes the assumed existing contract or obligation. Hence, it must appear that the creditor unconditionally released the original debtor and accepted the third person in his stead. * * *"

In the case of Williams v. Otis, 155 Okla. 173, 8 P. (2d) 728, this court said:

"The requisites of a novation are (1) a previous valid obligation; (2) the agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new one."

See, also, Lowe v. Blum, 4 Okla. 260, 43 P. 1063; Burford v. Hughes, 75 Okla. 150, 182 P. 689; McFarland v. Mayo, 65 Okla. 28, 162 P. 753.

Under these authorities, it was necessary that plaintiff have accepted Phillips and Phillips & Company as his debtor in lieu of and instead of the Tulsa Ice Company, to constitute a novation; and that he should have released the Tulsa Ice Company from all liability under the contract. The mere fact that plaintiff agreed to enter the employ of Phillips & Company under the terms of the contract between plaintiff and the Tulsa Ice Company did not operate to release and discharge the Tulsa Ice Company from its liability under the contract.

Speaking on this question, the author, in 20 R. C. L. at page 372, says:

"But the mere fact of the making of a new contract by which a third person becomes obligated to the creditor to pay the previously existing indebtedness of the original debtor does not alone give rise to the presumption that the original debtor is released."

The trial court ruled correctly in holding J. L. Phillips and Phillips & Company primarily liable to plaintiff and in rendering judgment against them in favor of the Tulsa Ice Company.

J. L. Phillips and Phillips & Company have filed a cross-petition in error asking that the judgment against them be reversed because the record discloses that it is void on its face. In this connection, it is argued that plaintiff pleaded an oral contract between them and the Tulsa Ice Company, whereby they agreed to employ him under the terms of the contract entered into with the ice company. It is the contention of these defendants that the contract, being oral, is within the statute of frauds, and that plaintiff cannot hold them liable thereon; that the contract was one to answer for the debt or default of another, and to be valid must be in writing.

It is alleged by plaintiff that these defendants assumed the obligation of the contract between plaintiff and the Tulsa Ice Company as part of the purchase price. If these defendants promised to assume the obligation of the contract, as alleged, the promise was in law an original and not a collateral promise, and therefore not within the statute of frauds.

In Lindley v. Kelly, 47 Okla. 328, 147 P. 1015, it is said:

"Where A., B., and C. contract with a corporation to do certain work and such corporation borrows money from one of its stockholders to carry on the work, and such corporation is unable to get funds to pay A., B., and C., who are about to quit on account of nonpayment, and said stockholder takes an assignment of all the assets of said corporation and takes control of the corporation work to carry out its contract in order to secure the payment of the money loaned by him to the corporation and verbally proposes to A., B., and C. that if they will complete their contract he will pay them the amount then due and for the labor to be performed, which is accepted and the work performed by A., B., and C., held, that the stockholder's proposal is an original promise, and the fact that it results in the satisfaction of the corporation's liability does not bring it within the statute of frauds."

See, also, Trulock v. Blair, 8 Okla. 345, 58 P. 1097. Under these authorities the petition stated a cause of action against defendants Phillip's and Phillips & Company, and the contract pleaded by them is not within the statute of frauds.

The Tulsa Ice Company further contends that the court erred in overruling its motion for a new trial on the ground of newly discovered evidence. We have examined the record on this question, and, without entering into a discussion thereof; hold that the court did not err in this respect.

The judgment of the trial court is affirmed.

Plaintiff requests judgment be entered by this court against the sureties on the supersedeas bond. It appears that defendant J. L. Phillips executed a supersedeas bond with Alex Bird and H. L. Trotter as sureties; a copy of the bond appears in the casemade. Judgment was rendered against defendant on October 31, 1928, for the sum of $895.30, with interest thereon at the rate of six per cent. per annum from December 31, 1927. It is therefore ordered, considered, and adjudged that plaintiff J. E. Liley have and recover against J. L. Phillips, principal, and Alexander Bird and H. L. Trotter, sureties on the bond, the sum of $895.30, with interest thereon at six per cent. per annum, from December 31, 1927, and all costs of the suit.

LESTER, C. J., and SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., and RILEY and CULLISON, JJ., absent.

Note.—See under (1), L. R. A. 1918B, 113; 20 R. C. L. 362, 367, 368, 371; R. C. L. Perm. Supp. pp. 4887, 4889; R. C. L. Pocket Part, title Novation, §§ 4, 9, 14.