**TURK et al. v. WILSON, Trustee.**

No. 23718.    March 20, 1934.

Rehearing Denied April 17, 1934.

Travis I. Milsten and James D. Johnston, for plaintiffs in error.

Silverman, Rosenstein & Fist, for defendant in error.

CULLISON, V. C. J.    Plaintiff instituted suit seeking to recover from defendants on a replevin bond executed by defendants in a suit wherein defendants replevied a certain stock of merchandise from plaintiff.

Said cause was tried in the lower court, appealed to this court, and decided in 138 Okla. 35, 280 P. 266, wherein the court held that defendants were not entitled to possession of the goods.

Thereafter plaintiff attempted to procure possession of the goods, but was unable to do so, and instituted this suit seeking to recover on the replevin bond for the value of the goods.

The case was tried to a jury and resulted in judgment in favor of plaintiff, from which defendants appeal to this court and contend that the trial court erred in permitting certain witnesses to testify relative to the value of the merchandise under consideration.

The record discloses that the stock of merchandise was appraised by certain parties. Said appraisers were permitted to testify as to the value of the merchandise in the trial of the case at bar.

Defendants contend that their testimony is hearsay because they were relying upon the original market price of the goods, rather than the actual value of the merchandise in fixing the value of said goods, and that their testimony was incompetent, and that the same should not have been permitted to go to the jury and be considered by the jury.

We have carefully examined the record in this case, and cannot agree with defendants' contention.

We find that one of the witnesses who testified stated that during the past eight

years he had taken inventories on approximately 280 stores. That he was familiar with the value of merchandise and of the merchandise inventoried, which is the basis of this suit.

This testimony shows that the witness was competent to testify as to the value of the goods, and that his testimony was properly submitted to the jury for its consideration in determining the value of the goods under consideration.

There was competent evidence introduced in the trial of said case by plaintiff, substantiating the plaintiff's cause of action.

The rule is well established that where there is competent evidence to support the verdict of the jury, the same will not be reversed upon appeal. Schuster v. McDaniel, 156 Okla. 233, 10 P. (2d) 391; Advance-Rumley Thresher Co., Inc., v. Alexander, 156 Okla. 150, 9 P. (2d) 934; Stout v. Idlett, 161 Okla. 23, 16 P. (2d) 1088; Alkire v. Acuff, 134 Okla. 43, 272 P. 405.

The only question raised by defendants is relative to the evidence in said case, and this court has held against defendants' contention.

The trial court committed no error in the trial of said cause, which judgment is hereby affirmed.

Defendant in error filed a motion in said cause requesting a judgment upon the supersedeas bond filed herein.

It is therefore ordered that defendant in error have and recover of and from E. Turk, W. C. Turk, Sam Sheffel, Everett Ward, principals, and Mrs. Pauline Turk and L. A. Trope, sureties, on the supersedeas bond, the principal sum of $1,737.91, the judgment herein, together with interest at 6 per cent. per annum from the 8th day of December, 1931, and costs.

RILEY, C. J., and SWINDALL, ANDREWS, OSBORN, and BUSBY, JJ., concur.