## OIL FIELD GAS CO. et al. v. IN-TERNATIONAL SUPPLY CO.

No. 29311.   May 7, 1940.

*103 P. 2d 91.*

Arthur H. Dolman, of Oklahoma City, for plaintiff in error.

Chas. L. Yancey, of Tulsa, and H. L. Douglass and Wm. Roy Kirby, both of Oklahoma City, for defendant in error.

BAYLESS, C. J. International Supply Company, a corporation, sued Oil Field Gas Company, a corporation, and R. H. Rucker, also known as Bob Rucker, in the district court of Oklahoma county, to recover upon the debt evidenced by two promissory notes, and subsequent notes executed in renewal or extension thereof. Judgment was for plaintiff, after al-

lowing a certain credit claimed and denying one other, and the defendants appeal.

April 20, 1935, defendant company executed two notes to plaintiff for the sum of $8,090 and Rucker indorsed these notes. Thereafter payments were made, and two successive renewal notes representing the balance due in each instance and similarly indorsed by Rucker were executed and delivered to plaintiff, and were held by plaintiff along with the original notes. January 7, 1938, the third renewal note was executed and delivered to be held along with the earlier notes, and representing $3,308.96, the balance due on the debt evidenced by the original notes. Rucker did not indorse this last note. The notes were secured by a chattel mortgage, but there is no issue respecting it.

The plaintiff's petition alleged the facts outlined above, and asked for judgment. Defendant company admitted the execution and delivery of the notes, but denied they were due or in default because of an arrangement between the parties and a third person whereby credits for services rendered by defendant company to the third person were to be accepted by plaintiff and applied on the debt sued on. It asked that the action be dismissed. Rucker pleaded payment by virtue of the credits indorsed on the notes and the taking of the last note without his indorsement. He also asserted that the taking of the last renewal without his indorsement was an extension without his consent and he was thereby released.

Two propositions are urged by defendants, and we will discuss No. 2 first because it affects both. It reads: "The court erred in denying the credit of $1,148.22 on the note."

It is undisputed that defendant company sold some water to another company, and through exchange of credits obtained credit for $700 that was allowed in the judgment. Defendant company also claimed credit for $1,148.22, that arose by virtue of certain services claimed to have been rendered the third company, but plaintiff refused to accept this credit because it was claimed by the receiver of another company as an account receivable of that company rather than defendant company. In other words, the receiver claimed his company rendered the service and was entitled to the money. The evidence is in conflict as to which company did render the service, and the evidence is in dispute also as to whether the plaintiff ever actually accepted the credit and thereby credited the defendant's debt. This is a law action tried by the judge without a jury, and his finding on this disputed evidence is conclusive.

But defendants insist that the three-cornered agreement amounted to a novation, and when defendant company and Clark & Company were willing for plaintiff to have the debt, the agreement was complete and the novation consummated as a matter of law. The effect of this three-cornered arrangement was: that for a portion of defendant's obligation to plaintiff, plaintiff was willing to take Clark & Company's obligation to defendant. The rule is that the new or substituted obligation must be valid and enforceable. 46 C. J. 594, § 36, and cases cited. Therefore, since there was some question as to the defendant company's right to enforce the obligation against Clark & Company, the plaintiff was entirely within its rights as a matter of law in declining credit to defendant company until it knew it would receive enforceable rights against Clark & Company. Am. Dig. (West) Novation, Key no. 1. As said in Alkire v. Acuff, 134 Okla. 43, 272 P. 405:

"There was no consideration upon which to base the contended novation. There was no agreement between these parties as to a new contract of such character as could modify the existing written contract, and, even if it be considered that the new contract and agreement in evidence between different parties, not including plaintiff, set up a new obligation, there is nothing to establish that the obligation of the old contract to which Acuff was a party was extinguished. 20 R. C. L. par. 14, p. 371.

"The presumption is that the old obligation was not extinguished. 20 R. C. L. 364. It is necessary that all parties en-

ter into a new agreement in order to establish a novation. The pre-existing obligation must be extinguished. There must be a consideration upon which to base the new contract, and the new obligation must be enforceable by him to be charged with the novation. Martin v. Leeper Bros. Lumber Co., 48 Okla. 219, 149 P. 1140; McFarland v. Mayo, 65 Okla. 28, 162 P. 753, L. R. A. 1917C, 901; Ambrister v. Dalton, 66 Okla. 158, 168 P. 231; Burford v. Hughes, 75 Okla. 150, 182 P. 689; McPike Drug Co. v. Williams, 104 Okla. 244, 230 P. 904; Stuart v. Edwards, 84 Okla. 207, 202 P. 1032.

"There is no evidence showing Acuff ever accepted any new obligation in place of the old. * * *"

In the case before us, the novation was not complete because plaintiff declined to accept the tendered credit, and its reason for declining—doubt of the enforceability of the claim—was reasonable. It rightly feared a failure of consideration to it for releasing defendant company.

Proposition No. 1 relates to Rucker only and reads: "The court erred in rendering judgment against the defendant Rucker."

Rucker says he was secondarily liable as an indorser on all the notes except the last one, and that he was released from the debt when plaintiff accepted the last note without his indorsement (1) as a matter of fact, because it was understood that he was no longer required to indorse; or (2) as a matter of law, because the taking of the new note released him, he being only secondarily liable, and there being no reservation of liability against him.

If this is determined solely as a question of fact, his contention cannot be sustained. His testimony tended to support his contention, and the evidence of the plaintiff disputed his evidence. The court having found in favor of plaintiff, it necessarily must have determined this disputed issue of fact in favor of plaintiff and against Rucker's contention, and this finding is conclusive.

Rucker's contention that he was released as a matter of law is not sustainable. Some difference of opinion appears in the briefs as to whether he was liable only as an indorser or as an accommodation maker. We do not pause to discuss the issue of whether there is a difference in Rucker's liability depending upon the character in which he signed. Even if he would be primarily liable and discharged only in the manner prescribed in section 11418, O. S. 1931, 48 O. S. A. § 261, or only secondarily liable (as he seems to think) and discharged as prescribed in section 11419, O. S. 1931, 48 O. S. A. § 262, we do not think he was discharged by the giving and taking of the last renewal note. 8 Am. Jur. 443, § 790, et seq. It was simply a statement in new form of the balance existing on the earlier notes. It was not taken in lieu of the earlier notes. They were not surrendered, and there was no agreement to surrender them. We think this was a sufficient reservation of liability within the contemplation of section 11419, supra. See 10 C. J. 765, § 274, et seq., and 18 Am. Jur. 455, § 807, et seq.

The judgment is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.